## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. Big Cat Rescue Corp., a Florida not-for-profit corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-2016-0155-M |
| 2. Shirley M. Schreibvogel, an individual, and | ) ) ) | |
| 3. Greater Wynnewood Development Group, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff, Big Cat Rescue Corp., a Florida not-for-profit corporation, alleges and states as follows:

## <u>PARTIES, JURISDICTION AND VENUE</u>

1.      Plaintiff Big Cat Rescue Corp. ("Plaintiff" or "BCR") is a Florida not-for-profit corporation, with its principal place of business in Tampa, Florida.

2.      Defendant Shirley M. Schreibvogel ("Defendant" or "Shirley Schreibvogel") is an individual who resides in Garvin County, Oklahoma.

3.      Defendant Greater Wynnewood Development Group, LLC is an Oklahoma limited liability company, with its principal place of business in Garvin County, Oklahoma.

4.      Jurisdiction over the parties and venue in this Court is proper. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the dispute is between citizens of

different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant is subject to the personal jurisdiction of this Court as a resident of this district.

5.      Venue is proper in the Western District of Oklahoma under 28 U.S.C. § 1391(b)(2) because all of the events giving rise to Plaintiff's damages and claims occurred in this district; because a substantial part of the property that is the subject of this action is located within this district. Further, defendant Shirley Schreibvogel is a resident of Garvin County, Oklahoma, and defendant Greater Wynnewood Development Group, LLC has its principal place of business in Garvin County, Oklahoma, which is within this district.

## FACTUAL BACKGROUND

6.      G.W. Exotic Animal Foundation ("GW Park"), an Oklahoma not-for-profit corporation, was founded in the late 1990's by Joseph Maldonado f/k/a Joe Schreibvogel ("Joe Maldonado") together with his parents, defendant Shirley Schreibvogel and Francis Schreibvogel. From the inception of GW Park, Joe Maldonado operated and controlled all aspects of its business and financial operations. He was the president of GW Park and a member of its Board of Directors.

7.      Throughout its existence, GW Park owned and operated an exotic animal park and zoo located just off of Interstate 35 in Wynnewood, Oklahoma.

8.      Francis and Shirley Schreibvogel purchased the 16.49 acres, more or less, in Wynnewood, Oklahoma, on which GW Park operated from its inception (the "Zoo Land"). GW Park entered into a lease with Francis and Shirley Schreibvogel under which

GW Park agreed to lease the Zoo Land from Francis and Shirley Schreibvogel for rent of $0.00/year (the "July 1999 Lease"). The term of the July 1999 Lease was 99 years. On September 15, 1999, Shirley Schreibvogel, individually, then entered into a second lease with GW Park involving the Zoo Land (the "September 1999 Lease"). The September 1999 Lease, which was apparently a replacement for the July 1999 Lease, did not provide for any rent or term.

9.      On February 2, 2010, Francis and Shirley Schreibvogel deeded the Zoo Land to Joe Maldonado, who subsequently entered into a lease with GW Park involving the Zoo Land. This lease provided that GW Park would lease the Zoo Land from Joe Maldonado for $1.00 a year (the "2010 Lease"). The term of the 2010 Lease was for however long GW Park was in existence.

10.     On January 31, 2011, BCR filed a trademark lawsuit against Joe Maldonado, GW Park and another entity Joe Maldonado controlled, in the United States District Court for the Middle District of Florida, Tampa Division, in a case captioned: *Big Cat Rescue Corp. v. Big Cat Rescue Entertainment Group Inc., et al.*, No. 8:11-CV-209-MSS-MAP (the "Florida Lawsuit").

11.     On February 1, 2011, one day after the Florida Lawsuit was filed, Joe Maldonado deeded the Zoo Land back to Shirley Schreibvogel. Shirley Schreibvogel later admitted under oath that the Zoo Land was transferred to her by Joe Maldonado to remove it from the reach of creditors, including BCR, should BCR win its Florida Lawsuit. Shirley Schreibvogel also admitted in 2015, via a confession of judgment she entered into to resolve a lawsuit filed against her by the Chapter 7 bankruptcy trustee

overseeing Joe Maldonado's personal bankruptcy estate (the "Zoo Land Fraudulent Transfer Action"), that the Zoo Land was fraudulently transferred to her by Joe Maldonado in 2011 to avoid his creditors. Shirley Schreibvogel paid $63,300 to the bankruptcy trustee to satisfy the judgment against her and allow her to retain ownership of the Zoo Land.

12.     In February of 2013, BCR obtained civil consent judgments against GW Park and Joe Maldonado in the Florida Lawsuit and two other cases (collectively, the "Judgments"). The Judgments total $1,028,000, plus interest.

13.     On or about February 18, 2013, only days after the entry of the Judgments, insiders of GW Park began implementing a plan to avoid the Judgments. This included filing a name reservation with the Oklahoma Secretary of State for The Garold Wayne Zoo Interactive Zoological Foundation (the "Garold Wayne Zoo" or "GW Zoo").

14.     The Garold Wayne Zoo was incorporated on February 19, 2013. On February 21, 2013, just two days after its incorporation, the Garold Wayne Zoo entered into a new lease with Shirley Schreibvogel with regard to the Zoo Land (the "2013 Lease"). The 2013 Lease, effective February 25, 2013, provided for an annual rent of '$5.0000.00.' The term of the 2013 Lease was for eighty-five years, beginning on February 25, 2013, and ending on February 25, 2098. Subsequently, Joe Maldonado and Shirley Schreibvogel have stated under oath that the payments due to Shirley Schreibvogel from Garold Wayne Zoo under the 2013 Lease were actually $5,000 per month, or $60,000 per year.

15.     Also in February 2013, GW Park transferred substantially all of its assets and its ongoing business operations to the Garold Wayne Zoo for no consideration. GW Park dissolved on February 25, 2013.

16.     Garold Wayne Zoo continued the operations of GW Park, and is the successor in interest to GW Park.

17.     The primary purpose and intent of creating Garold Wayne Zoo and transferring substantially all of GW Park's assets thereto was to hinder Plaintiff's ability to collect on the Judgments. Joe Maldonado admitted this in a video press release he posted in connection with his internet show "JoeExoticTV." In that press release video he announced the dissolution of GW Park and creation of Garold Wayne Zoo, and said that BCR's Judgments would now be worth no more than toilet paper.

18.     BCR filed a lawsuit in the United States District Court for the Western District of Oklahoma on April 15, 2014, seeking to establish that 1) the new entity, Garold Wayne Zoo, was in fact the successor to GW Park, and should be held liable for the Judgments, and 2) that the transfer of substantially all of GW Park's assets to Garold Wayne Zoo was a fraudulent transfer intended to hinder, delay, or defraud GW Park's creditors, including BCR.[1]   In February 2016, judgments were entered in favor of BCR and against GW Park and Garold Wayne Zoo on the claims of successor liability and fraudulent transfer (the "2016 Judgments"). As such, BCR will finally be entitled to attempt to collect its Judgments against Garold Wayne Zoo; however, that effort will be

---

[1] *See Big Cat Rescue Corp. v. G.W. Exotic Animal Memorial Foundation, et al.;* Case No. CIV-14-377-C, United States District Court, Western District of Oklahoma (the "Successor Liability Action").

significantly impaired by the fraudulent transfers to defendant Shirley Schreibvogel, and by her other actionable conduct, as set out in more detail below.

19.    On or about September 9, 2015, Shirley Schreibvogel executed a quit claim deed conveying the Zoo Land as joint tenants to Jeff Lowe, a friend and confidant of Joe Maldonado. Shirley Schreibvogel intended that the Zoo Land continue to be used by the exotic animal park located in Wynnewood, Oklahoma, but transferred the Zoo Land to Mr. Lowe as joint tenants as part of a plan to keep it out of the reach of BCR and other creditors of Joe Maldonado and the Wynnewood, Oklahoma exotic animal park operated by Garold Wayne Zoo and/or its successors.

20.    On or about February 12, 2016, days after entry of the 2016 Judgments by this Court in favor of BCR and against Garold Wayne Zoo, defendant Shirley Schreibvogel and Mr. Lowe transferred the Zoo Land by quit claim deed, for no consideration, to defendant Greater Wynnewood Development Group, LLC, which had been created as an Oklahoma limited liability company on or about February 8, 2016. The transfer of the Zoo Land to defendant Greater Wynnewood Development Group, LLC was a sham transfer, and a furtherance of the scheme begun in 2010 intended to keep the Zoo Land and related funds and assets out of reach of BCR and other creditors of Joe Maldonado and Garold Wayne Zoo and/or its successors.  On information and belief, Greater Wynnewood Development Group, LLC has executed a lease of the Zoo Land ("2016 Lease") with the exotic animal park located in Wynnewood, Oklahoma formerly operated by Garold Wayne Zoo, now alleged to be operated by an entity created

in February 2016 calling itself the Greater Wynnewood Exotic Animal Park, but which is still operated under the influence and substantial direction and control of Joe Maldonado.

## FIRST CAUSE OF ACTION
## (FRAUDULENT TRANSFERS/CONVEYANCES – ACTUAL FRAUD)

21.     Plaintiff incorporates the allegations contained in each of the above-numbered paragraphs as though fully set forth herein.

22.     Shirley Schreibvogel received fraudulent transfers and/or conveyances in excess of $75,000.00 from Garold Wayne Zoo.

23.     The Oklahoma Uniform Fraudulent Transfer Act defines the concept of a transfer broadly, as including "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." 24 O.S. § 113(12).

24.     The fraudulent transfers and/or conveyances from Garold Wayne Zoo to Shirley Schreibvogel include, but are not limited to, the following:

a.     **The 2013 Lease and payments made thereunder.** The September 2010 Lease provided for $1.00 per year consideration. Because of this nominal rent payment, the September 2010 Lease was a below market rent lease, and was an asset of GW Park. However, after the Judgments were entered against GW Park, and Garold Wayne Zoo was created to take over its business, the September 2010 Lease was replaced by the 2013 Lease with an above market rent of $60,000 per year. This scheme was devised by defendant Shirley Schreibvogel and Joe

Maldonado to transfer funds from Garold Wayne Zoo to Shirley Schreibvogel, in anticipation that Garold Wayne Zoo would become liable for the Judgments. In 2016, the annual lease payments were purportedly again changed to $38,000. These payments and transfers made, purported to be made, and which are still being made, by Garold Wayne Zoo to Shirley Schreibvogel pursuant to the 2013 Lease, are fraudulent transfers.

Further, the 2013 Lease itself effected a fraudulent transfer. That Lease contained the following provision:  "In the event of the dissolution of corporation for any reason, LESSEE agrees park must be restored to original state of date of this Agreement or LESSOR or persons willed property by LESSOR assumes all property, equipment and materials to keep or sell." This provision is nothing more than a fraudulent transfer of all assets of Garold Wayne Zoo to Shirley Schreibvogel, conditioned on its dissolution and inability to "restore" the park to the condition it was in in February 2013. The 2013 Lease, in effect, encumbered all property of Garold Wayne Zoo.

This provision of the 2013 Lease is intended to operate as a transfer  and conveyance to Shirley Schreibvogel, or her heirs/devisees, of "all property, equipment and materials" of Garold Wayne Zoo in the event that Garold Wayne Zoo should dissolve and fail to restore the Zoo Land to the condition it was in on February 21, 2013.  Garold Wayne Zoo has made numerous improvements to the Zoo Land since February 21, 2013, including, but not limited to, building cages, stages, and performance platforms; building an alligator facility; improving and

enlarging the main house; and building the JoeExoticTV studio. These changes to the Zoo Land would prevent it from being restored "to the condition" the Zoo Land was in in February 2013. All of the foregoing was a scheme devised by Joe Maldonado and Shirley Schreibvogel to hinder, delay and defraud BCR from collecting on the Judgments.

**b.      The 2015 Lease.** Garold Wayne Zoo purportedly entered into a new lease with Shirley Schreibvogel on May 11, 2015 (the "2015 Lease"), which changes the annual lease payments to $38,000 per year, and by its terms would expire on May 11, 2098. The 2015 Lease effects a fraudulent transfer. The 2015 Lease provides in part that "[i]n the event of the dissolution of the corporation for any reason, LESSEE agrees land must be restored to original state of date of this Agreement, or LESSOR or person willed property by LESSOR assumes all property, equipment, buildings, caging and materials to keep or sell." This provision is nothing more than a fraudulent transfer of all assets of Garold Wayne Zoo to Shirley Schreibvogel, conditioned on its dissolution and inability to "restore" the park to the condition it was in on May 11, 2015. The 2015 Lease, in effect, encumbered all property of Garold Wayne Zoo.

This provision of the 2015 Lease is intended to operate as a transfer and conveyance to Shirley Schreibvogel, or her heirs/devisees, of "all property, equipment, buildings, caging, and materials" of Garold Wayne Zoo in the event that Garold Wayne Zoo should dissolve and fail to restore the Zoo Land to the condition it was in on May 11, 2015.  Garold Wayne Zoo has made numerous

improvements to the Zoo Land since May 11, 2015. These changes to the Zoo Land would prevent it from being restored "to the condition" the Zoo Land was in on May 2015. All of the foregoing was a scheme devised by Joe Maldonado and Shirley Schreibvogel to hinder, delay and defraud BCR from collecting on the Judgments.

c.     **2016 Lease.** The 2016 Lease between Greater Wynnewood Development Group, LLC and the entity purporting to operate Garold Wayne Zoo's exotic animal park in Wynnewood, Oklahoma, on information and belief, perpetuates the transfer scheme intended to prevent collection of the Judgments and the 2016 Judgments, by mirroring many provisions of the 2015 Lease, including, but not limited to, a provision that any improvements made on or to the Zoo Land "become a part of the land upon any eviction, closing, dissolution, bankruptcy," thus effectively transferring to the lessor, Defendant Greater Wynnewood Development Group, LLC any such improvements. The 2016 Lease contains other provisions and terms which are intended to keep funds and other assets out of the reach of BCR and other creditors of Joe Maldonado and Garold Wayne Zoo.

d.     **Third-Party Checks**. Garold Wayne Zoo has transferred significant funds it received in the form of third-party checks for services rendered, or donations, to Shirley Schreibvogel, from 2013 through the present. These checks were made payable to Garold Wayne Zoo, but were negotiated by Garold Wayne Zoo directly to Shirley Schreibvogel. These funds were accordingly deposited directly into

Shirley Schreibvogel's personal bank accounts. The funds were never deposited into Garold Wayne Zoo's bank accounts.

The $63,300 payment made by Shirley Schreibvogel to the Chapter 7 bankruptcy estate to pay the judgment in the Zoo Land Fraudulent Transfer Action was composed completely, or in significant part, of Garold Wayne Zoo donor funds transferred fraudulently to Shirley Schreibvogel by Garold Wayne Zoo. Remarkably, Shirley Schreibvogel paid a confessed fraudulent transfer judgment with funds that were themselves fraudulently transferred to her by Garold Wayne Zoo.

e.    **Cash.**   Garold Wayne Zoo regularly transfers cash directly to Shirley Schreibvogel. The cash is received by Garold Wayne Zoo from various sources, but never deposited into Garold Wayne Zoo's bank accounts. Rather, the cash is either handed to Shirley Schreibvogel or deposited into her accounts by Garold Wayne Zoo and/or its agents, interns or volunteers. Shirley Schreibvogel uses some of these funds to make payments on assets that are the property of Garold Wayne Zoo and/or Joe Maldonado, but are titled, and sometimes financed, in Shirley Schreibvogel's name. This cash transfer scheme works two injustices: first, the cash is not reflected on Garold Wayne Zoo's books and records, understating its income and keeping the funds from the reach of creditors; second, the cash transferred is used to hide Garold Wayne Zoo assets by titling them, and sometimes 'on paper' financing them, in the name of Shirley Schreibvogel, while the money to pay for these assets actually comes directly from Garold Wayne Zoo.

     **f.**     **Third-party titled assets.** Utilizing the above cash transfer scheme, Garold Wayne Zoo has put assets it owns, or in which it has a possessory interest, in the name of Shirley Schreibvogel.  Shirley Schreibvogel has collaborated and conspired with Garold Wayne Zoo to effect these transfers by allowing the financing for these assets to be put in her name, and/or title to be put in her name. However, Shirley Schreibvogel does not pay for, or make the bulk of the payments on financing for, these assets with her own funds. Rather, Garold Wayne Zoo transfers cash to Shirley Schreibvogel so that she can physically purchase, or make the payments on financing for, these assets. Further, Garold Wayne Zoo transfers funds for the benefit of Shirley Schreibvogel by making maintenance and insurance payments on property and vehicles titled in her name. These fraudulent transfers continue to the present.

     **g.**     **Concealing tangible assets.**  Shirley Schreibvogel has an external storage building on her property in Pauls Valley, Oklahoma. This building has been used, and on information and belief continues to be used, by Shirley Schreibvogel to conceal tangible assets of Garold Wayne Zoo, to avoid execution thereon by creditors. These assets include, but are not limited to, $25,000 in camera and video production equipment that was purchased by Garold Wayne Zoo.

The foregoing are fraudulent transfers from Garold Wayne Zoo to Shirley Schreibvogel (the "Transfers").

25.    The principals of Garold Wayne Zoo, and/or Garold Wayne Zoo, have retained possession and/or control of the tangible assets transferred after the Transfers. The Transfers were made, and many continue to be made, to Shirley Schreibvogel.

26.    Plaintiff was not notified of the Transfers.

27.    Prior to the Transfers, GW Park, now determined to be the predecessor of Garold Wayne Zoo for the purposes of the Judgments, had the Judgments entered against it.

28.    The removing, transferring, and/or selling of Garold Wayne Zoo's assets via the Transfers to Shirley Schreibvogel was done, and continues to be done, with malice, and with the actual intent to hinder, delay, or defraud Plaintiff, and therefore the Transfers are fraudulent transfers under the Oklahoma Uniform Fraudulent Transfer Act. 24 O.S. § 116(A)(1).

29.    In accordance with the foregoing, under 24 O.S. § 119(A)(1) of the Oklahoma Uniform Fraudulent Transfer Act, Plaintiff is entitled to avoidance of the Transfers.

30.    In the alternative, under 24 O.S. § 120(B) of the Oklahoma Uniform Fraudulent Transfer Act, Plaintiff  is entitled to judgment in the amount of the value of the assets transferred, or the amount of its claim.

31.    In the alternative, under 24 O.S. § 119(A)(2) of the Oklahoma Uniform Fraudulent Transfer Act, Plaintiff is entitled to an attachment on the Transfers.

32.   Additionally, under 24 O.S. § 119(A)(3)(a), Plaintiff is entitled to injunctive relief against further transfers or disposition of the assets that comprised the Transfers to Shirley Schreibvogel.

WHEREFORE, premises considered, Plaintiff prays that it have judgment against Shirley M. Schreibvogel for the amount of the Transfers or its claim; granting avoidance of the Transfers, or in the alternative, an attachment on the Transfers; injunctive relief preventing Shirley M. Schreibvogel from further transferring any Transfers; all costs of this action, including a reasonable attorneys' fee; and such other and further relief to which Plaintiff may be entitled at law or in equity.

## SECOND CAUSE OF ACTION
## (FRAUDULENT TRANSFERS/CONVEYANCES – CONSTRUCTIVE FRAUD)

33.   Plaintiff incorporates the allegations contained in each of the above-numbered paragraphs as though fully set forth herein.

34.   As set out above, Garold Wayne Zoo has made, and continues to make, the Transfers to Shirley Schreibvogel, through a variety of means.

35.   Garold Wayne Zoo (i) failed to receive, and continues to fail to receive, reasonably equivalent value in exchange for the Transfers and (ii) was insolvent at the time or became insolvent as a result of the Transfers; or, (iii) was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction, or intended to incur; or, believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due. 24 O.S. § 116(A)(2).

36.     The Transfers were fraudulent transfers under the Oklahoma Uniform Fraudulent Transfers Act.

37.     In accordance with the foregoing, under 24 O.S. § 119(A)(1) of the Oklahoma Uniform Fraudulent Transfer Act, Plaintiff is entitled to avoidance of the Transfers.

38.     In the alternative, under 24 O.S. § 120(B) of the Oklahoma Uniform Fraudulent Transfer Act, Plaintiff  is entitled to judgment in the amount of the value of the assets transferred, or the amount of its claim.

39.     In the alternative, under 24 O.S. § 119(A)(2) of the Oklahoma Uniform Fraudulent Transfer Act, Plaintiff is entitled to an attachment on the conveyed assets and funds that constitute the Transfers.

40.     Additionally, under 24 O.S. 119(A)(3)(a), Plaintiff is entitled to injunctive relief against further transfers or disposition of the assets and funds transferred to Shirley Schreibvogel via the Transfers.

WHEREFORE, premises considered, Plaintiff prays that it have judgment against Shirley M. Schreibvogel for the amount of the Transfers or its claim; granting avoidance of the Transfers, or in the alternative, an attachment on the transferred assets; injunctive relief preventing Shirley M. Schreibvogel from transferring any assets conveyed via the Transfers to her;  all costs of this action, including a reasonable attorneys' fee; and such other and further relief to which Plaintiff may be entitled at law or in equity.

## THIRD CAUSE OF ACTION
### (CONSTRUCTIVE TRUST)

41.    Plaintiff incorporates the allegations contained in each of the above-numbered paragraphs as though fully set forth herein.

42.    Shirley Schreibvogel holds actual or constructive legal title to certain property and funds, and such title was obtained through actual or constructive fraud, and by and through unconscionable conduct, concealment, and questionable means. Shirley Schreibvogel obtained title to such property and funds for the reason, and with the intent, to keep the property and funds from the creditors of Garold Wayne Zoo, including BCR.

43.    The property transferred includes, but is not limited to: cash and checks; portable buildings used by Garold Wayne Zoo, including the Garold Wayne Zoo office building and animal nursery buildings; staff trailer homes; vehicles; trucks, including two Dodge pick-up trucks; all cages built by Garold Wayne Zoo; the USZA stage built by Garold Wayne Zoo; all structures built on the Zoo Land; the JoeExoticTV studio built in 2015; and the alligator facility built in 2015.

44.    Many of these transfers were made despite existence of a preliminary injunction entered December 17, 2014 against Garold Wayne Zoo "to prevent the further transfer of the assets or business of Garold Wayne Zoo during the pendency of" the Successor Liability Action. This Preliminary Injunction extended to all persons, such as Shirley Schreibvogel, acting under Garold Wayne Zoo's "authority or in concert with it." Thus, Shirley Schreibvogel received the Transfers in violation of the Preliminary Injunction.

45.     Further, when Shirley Schreibvogel in 2015 paid the $63,300 judgment, entered against her in the Zoo Land Fraudulent Transfer Action, to the Chapter 7 bankruptcy trustee overseeing Joe Maldonado's personal bankruptcy estate, that payment was comprised completely, or substantially, of funds of Garold Wayne Zoo which were fraudulently transferred to Shirley Schreibvogel. Shirley Schreibvogel retained title to the Zoo Land using funds that were fraudulently transferred to her by Garold Wayne Zoo, in violation of the Preliminary Injunction.

46.     Further, Shirley Schreibvogel, together with Mr. Lowe, in February 2016 transferred the Zoo Land to defendant Greater Wynnewood Development Group, LLC, which had knowledge of BCR's 2016 Judgment. The transfer of title of the Zoo Land to Greater Wynnewood Development Company, LLC perpetuates the unjust transfer of the Zoo Land to Shirley Schreibvogel who, on information and belief, has an interest in Greater Wynnewood Development Group, LLC, and unjustly enriches that defendant. Greater Wynnewood Development Group, LLC obtained title to the Zoo Land for no consideration, and by questionable means, with knowledge of Plaintiff's 2016 Judgment. Further, the 2016 Lease of the Zoo Land perpetuates the improper transfers accomplished by the prior leases of the Zoo Land, including the 2015 Lease, because the 2016 Lease contains terms and provisions designed to keep funds and assets from the creditors of Joe Maldonado and Garold Wayne Zoo.

47.     Allowing Shirley Schreibvogel to retain actual or constructive legal title or any interest to such property and funds would unjustly enrich her.

48.    Allowing Greater Wynnewood Development Company, LLC to retain actual or constructive title to the Zoo Land or any related assets, whether transferred under the 2016 Lease, or otherwise, would unjustly enrich that defendant.

49.    BCR is entitled to imposition of a constructive trust on such real and personal property.

WHEREFORE, premises considered, Plaintiff prays that it have judgment against Shirley M. Schreibvogel by imposing a constructive trust on all real and personal property to which actual or constructive title was obtained, or is held, by Shirley M. Schreibvogel improperly, via the Transfers; judgment against Greater Wynnewood Development Company, LLC by imposing a constructive trust on all real and personal property to which actual or constructive title was obtained, or is held, by virtue of transfer of the Zoo Land to that defendant; all costs of this action, including a reasonable attorneys' fee; and such other relief to which Plaintiff may be entitled at law or in equity.

## FOURTH CAUSE OF ACTION
### (EQUITABLE LIEN)

50.    Plaintiff incorporates the allegations contained in each of the above-numbered paragraphs as though fully set forth herein.

51.    BCR is entitled to an equitable lien on the funds and assets conveyed to her via the Transfers, and those still being transferred, by Garold Wayne Zoo to Shirley Schreibvogel.

52.    BCR was by far the largest creditor in Joe Maldonado's personal Chapter 7 bankruptcy.   In the Zoo Land Fraudulent Transfer Action filed against Shirley

Schreibvogel by the Chapter 7 bankruptcy trustee overseeing Joe Maldonado's personal bankruptcy estate, the trustee sought the following relief: either, that the Zoo Land be returned to the bankruptcy estate as an asset that could be liquidated for the benefit of Joe Maldonado's creditors, including BCR, or, payment to the bankruptcy estate in the amount of the fair market value of the Zoo Land.

53.    Shirley Schreibvogel confessed that the transfer to her of the Zoo Land was a fraudulent transfer accomplished to avoid creditors of Joe Maldonado, including BCR, and judgment was entered against her in the Zoo Land Fraudulent Transfer Action in the amount of $63,300, which was represented by an appraiser to be the fair market value of the Zoo Land, subject to the 2013 Lease.

54.    However, the appraiser established the fair market value of the Zoo Land, subject to the 2013 Lease, using a present value of the future income stream that would flow from lease payments. The appraiser performed this calculation assuming that the annual rent of '$5.0000.00' typed on the 2013 Lease amounted to a $5,000 *annual* lease payment. However, Shirley Schreibvogel was actually receiving annual lease payments from Garold Wayne Zoo far in excess of $5,000 per year. The payments were actually $5,000 per month, or $60,000 per year. Shirley Schreibvogel failed to disclose this significant inaccuracy in the calculation of the Zoo Land's fair market value, which allowed her to pay $63,300, an amount significantly below the true market value of the Zoo Land, in order for her to retain title to the Zoo Land.

55.    Further, the $63,300 paid by Shirley Schreibvogel to the Chapter 7 bankruptcy trustee was comprised completely, or substantially, of funds of Garold Wayne

Zoo which were fraudulently transferred to Shirley Schreibvogel in 2015 for the express purpose of paying all or part of the $63,300 judgment. Thus, Shirley Schreibvogel retained title to the Zoo Land using funds *that were fraudulently transferred to her for that purpose* by Garold Wayne Zoo. Further, as these funds were accepted by her in 2015, their transfer was in violation of the Preliminary Injunction entered to protect BCR from such dissipation of assets.

56.    Shirley Schreibvogel was able to retain title to the Zoo Land, land that was admittedly fraudulently transferred to her in the first place, by deception, and by using fraudulently transferred funds, which could have been available to satisfy the claims of Garold Wayne Zoo's creditors, including BCR.

57.    Shirley Schreibvogel transferred the Zoo Land as joint tenants to Jeff Lowe, a friend and confidant of Joe Maldonado's, in September 2015, with the intent of furthering the scheme begun in 2010 to keep the Zoo Land and other assets from BCR and other creditors of Joe Maldonado, Garold Wayne Zoo and any successors of Garold Wayne Zoo. Subsequently, Mr. Lowe and Shirley Schreibvogel transferred the Zoo Land by quit claim deed, for no consideration, to defendant Greater Wynnewood Development Group, LLC. Defendant Greater Wynnewood Development Group, LLC is not a good faith transferee; rather, Greater Wynnewood Development Group, LLC received the transfer of the Zoo Land with the knowledge of BCR's 2016 Judgments and that the transfer was accomplished to avoid creditors of Joe Maldonado and Garold Wayne Zoo. Accordingly, BCR is entitled to an equitable lien on the Zoo Land.

WHEREFORE, Plaintiff prays that it have judgment against Defendant Shirley M. Schreibvogel in the form of a lien on and against all transfers made to Shirley M. Schreibvogel, including a lien on all real and personal property transferred to her; and judgment against Defendant Greater Wynnewood Development Group, LLC in the form of a lien against all transfers made to it by transfer of the Zoo Land to that defendant; all costs of this action, including a reasonable attorneys' fee; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Heather L. Hintz*
Heather L. Hintz, OBA No. 14253
Melvin R. McVay, Jr., OBA No.  6096
Juston R. Givens, OBA No. 19102
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
hlhintz@phillipsmurrah.com
mrmcvay@phillipsmurrah.com
jrgivens@phillipsmurrah.com

**ATTORNEYS FOR PLAINTIFF,**
**BIG CAT RESCUE CORP., a Florida**
**not-for-profit corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Henry A. Meyer, III – hameyer@meyerleonard.com
Ryan Leonard – rleonard@leonard-law.net
Christa Sullivan – csullivan@mleattorneys.com
***Attorneys for Defendant,***
***Shirley M. Schreibvogel***

*/s/Heather L. Hintz*
Heather L. Hintz