# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG CAT RESCUE CORP., <br> a Florida not-for-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHIRLEY M. SCHREIBVOGEL, <br> an individual, and <br> GREATER WYNNEWOOD <br> DEVELOPMENT GROUP, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-16-155-M <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is Defendant Shirley Schreibvogel's ("Schreibvogel") Motion for Leave of Court to File Counterclaim Against Plaintiff, filed October 27, 2016. On November 17, 2016, Big Cat Rescue responded, and on November 28, 2016, Schreibvogel replied. Also before the Court is Plaintiff's Motion to Dismiss Defendant Greater Wynnewood Development Group, LLC's Counterclaim for Failure to State a Claim, and Motion to Strike Certain Affirmative Defenses Asserted by Defendant Greater Wynnewood Development Group, LLC, and Brief in Support, filed October 31, 2016. On November 21, 2016, defendant, Greater Wynnewood Development Group, LLC ("Greater Wynnewood D.G."), responded, and on November 30, 2016, plaintiff Big Cat Rescue ("Big Cat Rescue") replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

On August 22, 2016, Big Cat Rescue filed its First Amended Complaint against Schreibvogel and Greater Wynnewood D.G. alleging: (1) fraudulent transfers/conveyances – actual fraud (Schreibvogel only); (2) fraudulent transfers/conveyances – constructive fraud

(Schreibvogel only); (3) constructive trust; and (4) equitable lien. On September 14, 2016, Schreibvogel filed her Answer; and on October 10, 2016, Greater Wynnewood D.G. filed its Answer and Counter Claim alleging abuse of process against Big Cat Rescue. Schreibvogel now seeks leave from the Court to file a counter claim against Big Cat Rescue for abuse of process. Big Cat Rescue objects to Schreibvogel filing a counter claim for abuse of process and, further, seeks to dismiss Greater Wynnewood D.G.'s counter claim for abuse of process, pursuant to Federal Rule of Civil Procedure 12(b)(6), and moves to strike certain affirmative defenses asserted by Greater Wynnewood D.G., pursuant to Rule 12(f).

II.   Discussion

   A.   Motion to Dismiss Counter-Claim

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does

2

a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

"The quintessence of *abuse of process* is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Greenberg v. Wolfberg*, 890 P.2d 895, 905 (Okla. 1994) (internal citation omitted). In order to allege an abuse of process claim, Greater Wynnewood D.G. must allege that Big Cat Rescue improperly used the Court's process primarily for an ulterior or improper purpose which resulted in damage to Greater Wynnewood D.G. *See id.* "To establish the element of improper use of the process, it is clear that the plaintiff must show *some definite act or threat* by the defendant not authorized by the process." *Meyers v. Ideal Basic Indus., Inc.,* 940 F.2d 1379, 1382 (10th Cir. 1991) (citing *Gore v. Taylor,* 792 P.2d 432, 435 (Okla.Ct.App.1990)).

Big Cat Rescue contends that Greater Wynnewood D.G.'s counter claim should be dismissed because the only willful act in the use of process that Greater Wynnewood D.G. attributes to Big Cat Rescue is the fact it filed this lawsuit. Big Cat Rescue contends that Greater Wynnewood D.G. has failed to identify some definite act or threat involving the Court's process. In its counter claim, Greater Wynnewood D.G. alleges that:

> [Big Cat Rescue] has filed this lawsuit against Greater Wynnewood [D.G.] in an effort to coerce Greater Wynnewood [D.G.] to surrender property and/or pay the debts of Joe Schreibvogel, G.W.

> Exotic Animal Memorial Foundation and The Garold Wayne Interactive Zoological Foundation.
>
> Greater Wynnewood [D.G.] is not liable for the debts of Joe Schreibvogel, G.W. Exotic Animal Memorial Foundation and the Garold Wayne Interactive Zoological Foundation, and Greater Wynnewood [D.G.] is a good faith transferee of the Zoo Land.
>
> [Big Cat Rescue's] improper use of the court's process for an ulterior purpose has resulted in damage to Greater Wynnewood [D.G.], . . . .

Greater Wynnewood D.G. Answer and Counter Claim [docket no. 45] at 13 ¶¶ 5-7.

Having carefully reviewed Greater Wynnewood D.G.'s counter claim, and presuming all of Greater Wynnewood D.G.'s factual allegations are true and construing them in the light most favorable to Greater Wynnewood D.G., the Court finds that Greater Wynnewood D.G. has failed to set forth sufficient facts to establish an abuse of process claim against Big Cat Rescue. Specifically, in its First Amended Complaint, Big Cat Rescue alleges that Schreibvogel fraudulently transferred zoo lands to Greater Wynnewood D.G. The parties in this matter have a clear dispute as to whether Greater Wynnewood D.G. is in lawful possession of the zoo land. Although Greater Wynnewood D.G. may believe that by Big Cat Rescue filing this lawsuit it is coercing Greater Wynnewood D.G. to give up the zoo land, the Court finds that is the essence of the dispute in this matter which will ultimately be resolved through the course of this litigation. Therefore, the Court finds that Greater Wynnewood D.G.'s counter claim for abuse of process against Big Cat Rescue should be dismissed. Further, the Court finds that since Greater Wynnewood D.G. is unable to show any other definitive act or threat by Big Cat Rescue not authorized by this litigation, any amendment to its counter claim would be futile.

B.   Motion to Amend

In her motion, Schreibvogel moves this Court to amend her answer to add a counter claim nearly identical to the Greater Wynnewood D.G.'s abuse of process claim. As the Court previously

stated, based on the allegation that Big Cat Rescue improperly filed this action against defendants in an effort to coerce them out of money, property or to pay debts of Joe Maldonado (Schreibvogel), G.W. Exotic Animal Memorial Foundation and the Garold Wayne Interactive Zoological Foundation, the Court has already determined that the abuse of process claim is not viable. Therefore, the Court finds that Schreibvogel's motion to amend should be denied.

    C.    Motion to Strike

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769 (10th Cir. 1932) (observing that courts should proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *See Scherer v. United States Dep't of Educ.*, 78 Fed. App'x 687, 689 (10th Cir. 2003). Further, while the Tenth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to pleading affirmative defenses, this Court has ruled that they do apply. *See Burget v. Capital W. Secs., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The Court, therefore, finds that the affirmative defenses at issue in this case must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

Big Cat Rescue asserts that 1-9 of Greater Wynnewood D.G.'s affirmative defenses are conclusory and/or insufficient as a matter of law and should be stricken, and that Great Wynnewood D.G.'s affirmative defenses 10-14 are actual denials not defenses and should also be stricken as affirmative defenses. Specifically, Big Cat Rescue contends that Greater Wynnewood D.G.'s affirmative defenses are pled as part of a single-word, boiler-plate laundry list of alleged

5

affirmative defenses. Greater Wynnewood D.G. contends that its affirmative defenses provide fair notice and are plausible on their face. Having reviewed the parties' submissions, the Court finds that Greater Wynnewood D.G. has set forth absolutely no factual basis for its affirmative defenses. Greater Wynnewood D.G. simply lists its affirmative defenses and contends that the record proves that Big Cat Rescue knows exactly what its list of affirmative defenses means. It may be the case that Big Cat Rescue is familiar with Greater Wynnewood D.G.'s affirmative defenses, based on the history of this case, but the Court finds that Big Cat Rescue's familiarity with Greater Wynnewood D.G.'s affirmative defenses does not excuse Greater Wynnewood D.G. from satisfying the pleading standards for asserting its affirmative defenses. Therefore, while the affirmative defenses listed in Greater Wynnewood D.G.'s answer should be struck, in the interest of justice, the Court finds that Greater Wynnewood D.G. should be given leave to amend its answer to adequately assert its affirmative defenses.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant Shirley Schreibvogel's Motion for Leave of Court to File Counterclaim Against Plaintiff [docket no. 49] and GRANTS Plaintiff's Motion to Dismiss Defendant Greater Wynnewood Development Group, LLC's Counterclaim for Failure to State a Claim, and Motion to Strike Certain Affirmative Defenses Asserted by Defendant Greater Wynnewood Development Group, LLC, and Brief in Support [docket no. 50]. Further, the Court GRANTS Greater Wynnewood D.G. leave to file an amended answer on or before October 2, 2017.

**IT IS SO ORDERED this 11th day of September, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE