IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG CAT RESCUE CORP., | ) |
|     Plaintiff, | ) ) ) ) |
| v. | )   Case No. CIV-16-155-SLP ) |
| SHIRLEY M. SCHREIBVOGEL and GREATER WYNNEWOOD    DEVELOPMENT GROUP, LLC, | ) ) ) ) |
|     Defendants. | ) |

## AGREED JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the agreement and stipulation between Plaintiff Big Cat Rescue Corp., a Florida not-for-profit corporation ("BCR"), and Defendant Shirley M. Schreibvogel, the Court enters judgment for BCR and against Shirley M. Schreibvogel as follows:

1. BCR is granted judgment as to liability against Shirley M. Schreibvogel on BCR's First Cause of Action – Fraudulent Transfers/Conveyances- Actual Fraud, as set forth and alleged in BCR's First Amended Complaint [Doc. No. 21] (the "First Amended Complaint").

    a. Shirley M. Schreibvogel received transfers of funds from and of BCR's judgment debtor The Garold Wayne Interactive Zoological Foundation ("Garold Wayne Zoo") in an amount exceeding $150,000, during the period February 20, 2013 through February 28, 2016, each of which was a fraudulent transfer under 24 Okla. Stat. § 116(A)(1), and the transfers of funds are avoided under 24 Okla. Stat. § 119(A)(1).

b. The 2013 and 2015 leases of the Zoo Land (as hereinafter defined) (the "Zoo Land Leases")[1], which Shirley M. Schreibvogel (as lessor) executed with Garold Wayne Zoo (as lessee) were not arms-length leases, but rather, were documents intended to be used to transfer funds and assets of Garold Wayne Zoo, and any successor of Garold Wayne Zoo, to Shirley M. Schreibvogel, so that the funds and assets of Garold Wayne Zoo or any successor could not be used to satisfy BCR's judgments against Garold Wayne Zoo and/or BCR's judgment debtor Joseph Allen Schreibvogel f/k/a Joseph Maldonado k/n/a Joseph Maldonado-Passage ("Maldonado").

c. Maldonado filed a Chapter 7 bankruptcy in 2013, in a case entitled *In re Joseph Allen Schreibvogel*, in the United States Bankruptcy Court for the Western District of Oklahoma, Case No. 13-11430-NLJ (the "Schreibvogel Bankruptcy"). L. Win Holbrook, who was duly appointed Chapter 7 Bankruptcy Trustee in the Schreibvogel Bankruptcy, on December 10, 2013 filed a Complaint to Avoid Fraudulent Transfer against Shirley M. Schreibvogel, initiating an adversary proceeding entitled *Holbrook v. Schreibvogel*, in the United States Bankruptcy Court for the Western District of Oklahoma, Adv. Case No. 13-01114-NLJ (the "Adversary Proceeding"), alleging that Shirley M. Schreibvogel had received a fraudulent transfer of certain real property[2] from Maldonado, which transfer was

---

[1] The 2013 Land Property Lease was dated February 21, 2013, and executed February 22, 2013. The 2015 Land Property Lease was executed May 11, 2015.

[2] The real property that was the subject of the Adversary Proceeding is described as: Northwest Quarter of the Southwest Quarter of the Southwest Quarter (NW/4 SW/4 SW/4)

designed to prevent BCR from collecting its judgment against Maldonado. Shirley M. Schreibvogel confessed judgment in the amount of $63,300 in the Adversary Proceeding, and paid the resulting judgment using $63,300 in funds belonging to the Garold Wayne Zoo (the "Judgment Funds"). The Judgment Funds were fraudulently transferred to Shirley M. Schreibvogel by Garold Wayne Zoo under 24 Okla. Stat. § 116(A)(1), and the transfers are hereby avoided under 24 Okla. Stat. § 119(A)(1).

      d.    Any and all transfers made under any Zoo Land Leases to Shirley M. Schreibvogel by Garold Wayne Zoo, or its predecessor G.W. Exotic Animal Memorial Foundation, including any improvements made by either entity to the Zoo Land, at any time, are void.

      e.    As to defendant Shirley M. Schreibvogel, that defendant received no consideration for the transfer of her interest in the Zoo Land to Jeffrey L. Lowe or defendant Greater Wynnewood Development Group, LLC ("GWDG"), whether by quit claim deed or otherwise. Shirley M. Schreibvogel transferred the Zoo Land via quit claim deed to Jeffrey L. Lowe, and then to GWDG, for the purpose of protecting the Zoo Land from BCR in execution of its judgments against Maldonado, Garold

---

of Section Twenty-one (21), Township Two (2) North, Range One (1) East of the I.B.M., and the North 165 feet of the East 500 feet of the West 1460 feet of the North Half of the South Half of the Southwest Quarter (N/2 S/2 SW/4) and the West 300 feet of the Northeast Quarter of the Southwest Quarter of the Southwest Quarter (NE/4 SW/4 SW/4) and the West 300 feet of the Northeast Quarter of the Southwest Quarter of the Southwest Quarter (NE/4 SW/4 SW/4), all in Section Twenty-one (21), Township Two (2) North, Range One (1) East I.B.M., Garvin County, Oklahoma, containing 16.439 acres more or less (hereafter, the "Zoo Land").

Wayne Zoo, and G.W. Exotic Animal Memorial Foundation, and any future judgment BCR might obtain against Shirley M. Schreibvogel.  Further, as to Shirley M. Schreibvogel, the two quit claim deeds (as recorded in the real property records of Garvin County, Oklahoma, at 1-2015-006819, Book 2112 Page 291 on 9-9-2015, and at 1-2016-000991, Book 2128 Page 363 on 2-12-2016, respectively) by Shirley M. Schreibvogel for herself, and as power of attorney/attorney in fact for Francis Schreibvogel, were fraudulent transfers as to BCR, under 24 Okla. Stat. § 116(A)(1).

2. BCR is granted judgment as to liability against Shirley M. Schreibvogel on BCR's Second Cause of Action – Fraudulent Transfers/Conveyances - Constructive Fraud, as set forth and alleged in BCR's First Amended Complaint.  The transfers to Shirley M. Schreibvogel from Garold Wayne Zoo are determined to be fraudulent transfers to Shirley M. Schreibvogel as set out in the First Amended Complaint, and under 24 Okla. Stat. § 116(A)(2), and the transfers are hereby avoided as to BCR under 24 Okla. Stat. § 119(A)(1).

3. BCR is granted judgment as to liability against Shirley M. Schreibvogel on BCR's Third Cause of Action – Constructive Trust, as set forth and alleged in BCR's Amended Complaint.  BCR is entitled to a constructive trust in certain real and personal property as follows:

   a. In 2015, Shirley M. Schreibvogel paid the Judgment against her in the Adversary Proceeding with $63,300 in Judgment Funds generated by, and which

belonged to, BCR's creditor Garold Wayne Zoo, which Judgment Funds were fraudulently transferred to Shirley M. Schreibvogel, as determined above.

     b.     The $63,300 payment made by Shirley M. Schreibvogel in 2015 to satisfy the Judgment entered in the Adversary Proceeding was composed of funds fraudulently transferred to her by Garold Wayne Zoo under 24 Okla. Stat. § 116(A)(1), to prevent BCR from collecting on its judgments against G.W. Exotic Animal Memorial Foundation, Maldonado and Garold Wayne Zoo, and/or any future judgment BCR might obtain against Shirley M. Schreibovgel.  The fraudulently transferred funds were used to obtain clear title to the Zoo Land in the name of Shirley M. Schreibvogel, in order to prevent BCR from collecting on or enforcing its judgments against G.W. Exotic Animal Memorial Foundation, Maldonado and Garold Wayne Zoo.

     c.     Because the $63,300 payment made by Shirley M. Schreibvogel in 2015 to satisfy the Judgment entered in the Adversary Proceeding was composed of funds fraudulently transferred to her by Garold Wayne Zoo to prevent BCR from collecting on its judgments against G.W. Exotic Animal Memorial Foundation, Maldonado and Garold Wayne Zoo, and because Shirley Schreibvogel consented to further transfers of the Zoo Land without consideration for the purpose of preventing BCR from enforcing its Judgments against the Zoo Land, BCR is hereby granted a constructive trust on the Zoo Land as of the date of the payment delivered to the Chapter 7 Trustee, February 20, 2015, and a constructive trust on all improvements to the Zoo Land as of February 20, 2015.  The constructive trust

granted BCR as of February 20, 2015 shall follow the Zoo Land through any transfer of title subsequent to that date.

  d. Shirley M. Schreibvogel obtained nominal title to four vehicles, and obtained financing to pay for these vehicles, identified as follows:

   i. 2014 Blue Ford F-150 Crew Cab Half-Ton Pickup, VIN # 1FTFW1EF2EKF43788; purchase date February 28. 2015;

   ii. 2014 RAM 3500 Pickup, VIN # 3C63RRNL3EG176027; purchase date June 7, 2014;

   iii. 2008 GMC Sierra 2500, VIN # 1GTHK23628F179434; purchase date March 19, 2015; and

   iv. 2012 Dodge RAM 3500, VIN # 3C63DRKL5CG286500; purchase date June 9, 2014;

(collectively, the "Vehicles"). However, despite title being held in the name of Shirley M. Schreibvogel, the down payment on each of the Vehicles was made with funds of Garold Wayne Zoo, and every payment made on the financing contracts in Shirley Schreibvogel's name concerning each of the Vehicles was paid by Garold Wayne Zoo with funds it generated in its operations, at least until Garold Wayne Zoo's dissolution in 2016. Although an occasional payment was made by money order or was, on its face, drawn on the checking account of Shirley M. Schreibvogel, the funds for every one of those payments was generated by, and was the property of, Garold Wayne Zoo. Further, Shirley M. Schreibvogel, from the respective purchase dates of each of the four Vehicles, intended that the Vehicles would be

owned by, and were and would be the property, for all purposes, of Garold Wayne Zoo. Although the Vehicles are, or were, nominally titled in Shirley M. Schreibvogel, the Vehicles, and any equity in them as of February 20, 2016, are hereby determined to be the property of Garold Wayne Zoo as of the date each Vehicle was purchased, as set out above, and in the First Amended Complaint [Doc. No. 21].

   e.  BCR is hereby granted a constructive trust on the Vehicles, as of the date each Vehicle was purchased, as set out above, in the amount of $30,000 as to each Vehicle, and BCR is hereby granted a constructive trust in that same amount in any proceeds from the sale, transfer or disposition of each of the Four Vehicles, and a constructive trust in any proceeds from any insurance policy on any of the Vehicles.

   f.  In 2014, Shirley M. Schreibvogel executed two lease purchase contracts with Affordable Buildings, LLC, through Parks Leasing, LLC, to purchase two portable buildings to be used, paid for, and owned, by Garold Wayne Zoo. The buildings are identified as: 12x36 Cabin – Building Inventory No. C-9-23-14-12-36-1789 – purchase date December 29, 2014; and 12x36 Cabin – Building Inventory No. C-12-29-14-12-36-1811 – purchase date December 29, 2014 (collectively, the "Parks Leasing Buildings").

   g.  In 2015, Shirley M. Schreibvogel executed two additional lease purchase contracts with Affordable Buildings, LLC, through Bradford Leasing, LLC, to purchase two portable buildings to be used, paid for, and owned, by Garold

Wayne Zoo. The buildings are identified as: 12x40 Lofted Porch Cabin – Building Inventory No. LPC-05-27-14-12-40-1581 –purchase date March 30, 2015; and 12x20 Utility – Building Inventory No. UT-01-27-15-12-20-1813 – purchase date January 30, 2015 (collectively, the "Bradford Leasing Buildings").

    h.    Although the financing contracts for the Parks Leasing Buildings and Bradford Leasing Buildings were in the name of Shirley M. Schreibvogel, Mrs. Schreibvogel intended the portable buildings to be paid for, and be the property of, Garold Wayne Zoo, and that Garold Wayne Zoo would build out the portable building shells and thereby obtain equity in them from the date of their delivery.

    i.    BCR is hereby granted a constructive trust in the Parks Leasing Buildings and Bradford Leasing Buildings, as of the purchase date of each building, in the full amounts as follows:

        1.    Parks Leasing, 12x36 Cabin – Building Inventory No. C-9-23-14-12-36-1789 – purchase date December 29, 2014 – constructive trust in the amount of $10,000;

        2.    Parks Leasing,12x36 Cabin – Building Inventory No. C-12-29-14-12-36-1811 – purchase date December 29, 2014 - constructive trust in the amount of $10,000;

        3.    Bradford Leasing, 12x40 Lofted Porch Cabin – Building Inventory No. LPC-05-27-14-12-40-1581 – purchase date March 30, 2015 - constructive trust in the amount of $10,000; and

      4.      12x20 Utility – Building Inventory No. UT-01-27-15-12-20-1813 – purchase date January 30, 2015 - constructive trust in the amount of $10,000.

      j.      BCR is further granted a constructive trust in any proceeds from any sale, transfer or disposition of any of the Parks Leasing Buildings and Bradford Leasing Buildings, and any proceeds from any insurance policy on any of the Parks Leasing Buildings and Bradford Leasing Buildings.

      k.      Shirley M. Schreibvogel holds title to certain mobile homes used as staff trailers on the animal park grounds (collectively, the "Trailers").

      l.      The Trailers are located on the grounds of, and are used by, the animal park founded by Shirley M. Schreibvogel and Maldonado, and operated by G.W. Exotic Animal Memorial Foundation, until its dissolution, and Garold Wayne Zoo, until its dissolution, and are presently used by the Wynnewood, Oklahoma, animal park formerly operated by G.W. Exotic Animal Memorial Foundation and Garold Wayne Zoo. BCR is hereby granted a constructive trust and equitable lien on the Trailers, effective as of March 1, 2013.

      4.      BCR is granted judgment as to liability against Shirley M. Schreibvogel on BCR's Fourth Cause of Action – Equitable Lien, as set forth and alleged in BCR's First Amended Complaint. BCR is hereby granted an equitable lien in the Zoo Land, and all improvements, effective as of February 20, 2015. BCR is granted an equitable lien in the Vehicles, the Parks Leasing Buildings and the Bradford Leasing Buildings, effective as of the date Shirley Schreibvogel first executed financing or lease contracts for each Vehicle,

Parks Leasing Building and Bradford Leasing Building, as set out above and in Plaintiff's Corrected Motion for Summary Judgment [Doc. No. 105]. BCR is granted an equitable lien in the Trailers, a of the date of this Order.

5. BCR is entitled to, and the Court hereby enters, a Permanent Injunction against Shirley M. Schreibvogel under 24 Okla. Stat. § 119(A)(3)(a), and Rule 65, Fed. R. Civ. P.  Shirley M. Schreibvogel, and her servants, agents, employees, interns, attorneys, parents, subsidiaries, predecessors, successors, affiliates, officers, directors, shareholders, members, managers, principals and assigns, past, present and future, and any and all persons acting by and under her authority or in concert with them, including any person to whom she has granted a power of attorney, are enjoined from concealing, transferring, encumbering, liquidating, destroying, or disposing of 1) the Zoo Land, 2) any real or personal property of G.W. Exotic Animal Memorial Foundation, Garold Wayne Zoo, or Maldonado, including but not limited to, any and all tangible and intangible property, the Vehicles, the Bradford Leasing Buildings, the Park Leasing Buildings, any and all documents and/or records related to the Vehicles, the Bradford Leasing Buildings, and the Parks Leasing Buildings, 3) any and all business records of, and any of Shirley M. Schreibvogel's documents and/or records related to, Garold Wayne Zoo, Maldonado, and GWDG, 4) except as may otherwise be agreed to by and between Shirley M. Schreibovgel and BCR, any right or claim Shirley M. Schreibvogel has with regard to GWDG, 5) Shirley M. Schreibvogel's membership interest in GWDG, and 6) any assets or business operations of Garold Wayne Zoo. This Permanent Injunction shall remain in full force and effect after the close of this case, or until further order of this Court.

6. Shirley M. Schreibvogel shall provide a copy of this Judgment to all of her servants, agents, employees, interns, attorneys, parents, subsidiaries, predecessors, successors, affiliates, officers, directors, shareholders, members, managers, principals, and assigns, and any person who holds a power of attorney in her name, within forty-eight (48) hours after entry of this Judgment.

7. Notwithstanding the foregoing, BCR is not granted any money judgment against Shirley M. Schreibvogel.

8. BCR and Shirley M. Schreibvogel shall each bear their respective costs and attorney's fees incurred in this action.

IT IS SO ORDERED this 29th day of August, 2019.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE