IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG CAT RESCUE CORP., | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-155-SLP |
| SHIRLEY M. SCHREIBVOGEL and GREATER WYNNEWOOD DEVELOPMENT GROUP, LLC, | ) |
| Defendants. | ) |

**O R D E R**

Before the Court are the remaining issues for determination in this case.

**I.  Big Cat Rescue's claims against Ms. Schreibvogel**

Plaintiff Big Cat Rescue Corp. sued Defendant Shirley M. Schreibvogel and Greater Wynnewood Development Group, LLC. ("GWDG"). *See* Am. Compl., Doc. No. 21. Big Cat Rescue and Ms. Schreibvogel reached a settlement, and the Court entered judgement as to Big Cat Rescue's claims against Ms. Schreibvogel. *See* ADR Report, Doc. No. 136; Notice, Doc. No. 141; Agreed J. & Permanent Inj., Doc. No. 144. No issues remain for the Court's resolution regarding Big Cat Rescue's claims against Ms. Schreibvogel.

**II.  Big Cat Rescue's claims against GWDG**

The Court previously granted GWDG's counsel leave to withdraw from their representation of GWDG in this case and warned GWDG that it was to obtain new counsel within 30 days because it, as a business, could not represent itself. *See* Order of Sept. 6, 2018, at 2, Doc. No. 133 (citing L. Cv. R. 17.1; *Tal v. Hogan*, 453 F.3d 1244, 1254-55 (10th

Cir. 2006)).  No new counsel appeared for GWDG.  Accordingly, Big Cat Rescue filed a Motion for Default Judgment against Defendant Greater Wynnewood Development Group, LLC [Doc. No. 137].  GWDG did not respond.  The Court issued a show-cause order for why default judgment should not be entered as to Big Cat Rescue's claims against GWDG. *See* Order of July 11, 2019, Doc. No. 139.  Therein, the Court expressly warned GWDG that "a possible result of [GWDG's] failure to obtain new counsel would be entry of default judgment on Big Cat Rescue's claims against GWDG." *Id.* at 1.  Pursuant to the Court's instructions, GWDG's former counsel forwarded the Court's order to GWDG by mail, email, and certified mail, and it appears that GWDG receive notice of the Court's Order of July 11, 2019.  *See* Notice of Compliance, Doc. No. 140.  GWDG did not respond to the Court's show-cause order and new counsel still has not appeared on GWDG's behalf.

Pursuant to Federal Rule of Civil Procedure 16(f)(1), the Court entered default against GWDG (and indicated its intention to issue a default judgment) because GWDG willfully failed to comply with the Court's order regarding securing replacement counsel, as well as its other failures to obey or respond to the Court's orders in this case.  *See* Order of Aug. 29, 2019, Doc. No. 142.  Big Cat Rescue sought attorneys' fees from GWDG.  *See* Mot., Doc. No. 147.[1]  Thereafter, the Court conducted a hearing regarding the amount of damages and other remedies to be awarded to Big Cat Rescue against GWDG pursuant to the Court's default judgment decision, as well as regarding Big Cat Rescue's attorneys'

---

[1] Big Cat Rescue also sought an award of costs, which were taxed in accordance with the Court's standard procedure for the same.  *See* Taxation of Costs, Doc. No. 151.

2

fees request. *See* Notice of Hr'g, Doc. No. 143; Minute Sheet of Proceedings, Doc. No. 150. No counsel for or representative of GWDG appeared at the hearing.

The Court finds that GWDG's Amended Answer [Doc. No. 87] to Big Cat Rescue's Amended Complaint [Doc. No. 21] should be stricken as a result of GWDG's default, and the Court finds that the well-pleaded factual allegations in Big Cat Rescue's Amended Complaint [Doc. No. 21] are deemed admitted by GWDG. The admission by GWDG of such allegations supports judgment on all of Plaintiff's claims against GWDG unless otherwise indicated herein. In light of such admitted allegations, the Court finds that Ms. Schreibvogel acted in concert with GWDG, and others, to fraudulently transfer certain real and personal property of and belonging to one or more of Big Cat Rescue's judgment debtors, including Joseph Allen Schreibvogel, n/k/a Joseph Maldonado-Passage, G.W. Exotic Animal Memorial Foundation, and The Garold Wayne Interactive Zoological Foundation (collectively, the "Judgment Debtors"), with the design and intent of removing the real and personal property from the reach of Big Cat Rescue so that it could not be used to satisfy Big Cat Rescue's judgments[2] against the Judgment Debtors. No consideration was received by Ms. Schreibvogel or GWDG for the fraudulent transfers of real and personal property at issue in this action, as set out in the Amended Complaint [Doc. No.

---

[2] *See Big Cat Rescue Corp. v. Big Cat Rescue Entm't Grp., Inc. et al.,* Case No. 8:13-fj-1-F (W.D. Okla.) (ECF Doc. No. 1 therein); *Big Cat Rescue Corp. v. Big Cat Rescue Entm't Grp., Inc, et al.,* Case No. 8:13-fj-2-F (W.D. Okla.) (ECF Doc. No. 1 therein); *Big Cat Rescue Corp. v. Big Cat Rescue Entm't Grp., Inc. et al.,* Case No. 8:13-fj-3-F (W.D. Okla.) (ECF Doc. No. 1 therein); *Big Cat Rescue Corp. v. G.W. Exotic Animal Mem'l Found. et al.,* Case No. CIV-14-377-SLP (W.D. Okla.) (Doc. No. 184 therein) (collectively, the "Judgments").

21], and the transfers are fraudulent as to Big Cat Rescue under Okla. Stat. tit. 24, §§ 116(A)(1) and 116(A)(2), and under Okla. Stat. tit. 24, §§ 119(A)(1) and 120(B), and are avoided as to Big Cat Rescue.  *See id.* § 119(A)(1).

The real property fraudulently transferred to GWDG included 16.439 acres, more or less, of land located in Garvin County, Oklahoma, together with any improvements thereon from May 31, 1999 to the date of this Judgment, referred to herein as the "Zoo Land."[3]  The two quit claim deeds, as recorded in the real property records of Garvin County, Oklahoma, at 1-2015-006819, Book 2112, Page 291, on 9-9-2015, and at 1-2016-000991, Book 2128, Page 363, on 2-12-2016, respectively (collectively, the "Sham Deeds") were fraudulent transfers as to Big Cat Rescue, were sham deeds, and are void. *Id.* § 119(A)(1).  At the time the Sham Deeds were executed, GWDG and any other transferees of the Zoo Land had knowledge of Big Cat Rescue's Judgments and therefore were not good faith transferees of the Zoo Land.  *See* Agreed J. & Permanent Inj., Doc. No. 144.  Accordingly, GWDG's title to the Zoo Land is void, and Big Cat Rescue is granted a constructive trust over the Zoo Land from and after February 20, 2015.[4]  *See In*

---

[3] More specifically described as: Northwest Quarter of the Southwest Quarter of the Southwest Quarter (NW/4 SW/4 SW/4) of Section Twenty-one (21), Township Two (2) North, Range One (1) East of the I.B.M., and the North 165 feet of the East 500 feet of the West 1460 feet of the North Half of the South Half of the Southwest Quarter (N/2 S/2 SW/4) and the West 300 feet of the Northeast Quarter of the Southwest Quarter of the Southwest Quarter (NE/4 SW/4 SW/4) and the West 300 feet of the Northeast Quarter of the Southwest Quarter of the Southwest Quarter (NE/4 SW/4 SW/4), all in Section Twenty-one (21), Township Two (2) North, Range One (1) East I.B.M., Garvin County, Oklahoma, containing 16.439 acres more or less.

[4] The Court finds Big Cat Rescue's request for an equitable lien unnecessary and functionally duplicative in light of the Court granting Big Cat Rescue's request for a constructive trust.  Moreover, because Big Cat Rescue seeks a change in title, a constructive

*re Pardee*, 433 B.R. 377, 386-87 (Bankr. N.D. Okla. 2010) (in part, quoting and applying *Cacy v. Cacy*, 619 P.2d 200, 202 (Okla. 1980)); Restatement (First) of Restitution § 160 cmts. c-d, g (1937). Further, Ms. Schreibvogel executed a quit claim deed on September 21, 2018 to 25803 North Country Road 3250 LLC, attached hereto as Exhibit 1. The Court determines GWDG's title to the Zoo Land is void, and that title should be vested in 25803 North Country Road 3250 LLC based on Big Cat Rescue's request for the same. As the Sham Deeds are void, title to the Zoo Land was vested in Shirley M. Schreibvogel when she executed the September 21, 2018 deed, naming 25803 North Country Road 3250 LLC as grantee, and title to the Zoo Land is therefore transferred to 25803 North Country Road 3250 LLC by that deed effective as of the date of this Order and the Judgment issued contemporaneous hereto. Title to the Zoo Land shall be and hereby is confirmed in 25803 North Country Road 3250 LLC. The Court finds that no lesser remedy than those imposed herein will be effective as to GWDG based on the factual and procedural histories of the parties' dispute—both in this case and in Case No. CIV-14-377-SLP (W.D. Okla.).

Because its title is void, GWDG does not have the right to occupy or use the Zoo Land; nor does it have the right to lease the Zoo Land to a third party. Under the guise of its void title to the Zoo Land and holding itself out as owner, GWDG has—since February 15, 2016—purported to lease part or all of the Zoo Land to Greater Wynnewood Exotic Animal Park, LLC, to operate an exotic animal park (the "Lease," Exhibit 2 hereto). The Lease states that Greater Wynnewood Exotic Animal Park, LLC shall compensate GWDG

---

trust is the more appropriate remedy. *See Pardee*, 433 B.R. at 387-88 & n.47. Accordingly, Big Cat Rescue's equitable lien request as to the Zoo Land is DENIED.

for use of the Zoo Land in the amount of $50,000 per year, or $4,166 per month. The Court finds the Lease payment term to be a reasonable valuation of use of the Zoo Land under the constructive trust being imposed in favor of Big Cat Rescue against GWDG as further described herein.[5]

In addition, based on the Court's previous entry of judgment against Ms. Schreibvogel (*see* Agreed J. & Permanent Inj., Doc. No. 144), any right, title, or interest GWDG may claim in the following vehicles, their proceeds, or the proceeds of any insurance on them are void: 2014 Blue Ford F-150 Crew Cab Half-Ton Pickup, VIN # 1FTFW1EF2EKF43788, purchase date February 28, 2015; 2014 RAM 3500 Pickup, VIN # 3C63RRNL3EG176027, purchase date June 7, 2014; 2008 GMC Sierra 2500, VIN # 1GTHK23628F179434, purchase date March 19, 2015; and 2012 Dodge RAM 3500, VIN # 3C63DRKL5CG286500, purchase date June 9, 2014 (collectively, the "Vehicles"). The Court finds that Big Cat Rescue should be awarded judgment against GWDG in the form of a constructive trust and equitable lien in, on, and to the Vehicles, their proceeds, and the proceeds of any insurance on the Vehicles, from the date of the respective purchase of each of the Vehicles as set out above. *See In re Seneca Oil Co.,* 906 F.2d 1445, 1450-53 (10th Cir. 1990); *Hoxworth v. Blinder*, 170 B.R. 438, 442 (D. Colo.

---

[5] Big Cat Rescue also seeks a constructive trust over certain trailers that are used as housing for zoo/park employees. Big Cat Rescue has not addressed any tenant issues that could arise from such a remedy or otherwise shown why an additional constructive trust over such trailers is necessary. Accordingly—except to the extent such trailers are otherwise included in the remedies afforded by this order and the judgment being issued contemporaneous herewith—the Court DENIES Big Cat Rescue's requests related to the trailers.

1994). The Court further finds that Big Cat Rescue, in the materials submitted to the Court in this action and in Case No. CIV-14-377-SLP (W.D. Okla.), has sufficiently traced funds to allow for the imposition of a constructive trust under Oklahoma law. Big Cat Rescue's constructive trust and equitable lien in and to the Vehicles shall survive any physical or title transfer of the Vehicles and shall follow any proceeds, except as to a good faith purchaser for value.

In addition, based on the Court's previous entry of judgment against Ms. Schreibvogel (*see* Agreed J. & Permanent Inj., Doc. No. 144), any right, title, or interest GWDG may claim in the following portable buildings, their proceeds, or the proceeds of any insurance on them are void: 12x36 Cabin – Building Inventory No. C-9-23-14-12-36-1789 – purchase date December 29, 2014 from Parks Leasing, LLC; 12x36 Cabin – Building Inventory No. C-12-29-14-12-36-1811 – purchase date December 29, 2014 from Parks Leasing LLC; 12x40 Lofted Porch Cabin – Building Inventory No. LPC-05-27-14-12-40-1581 – purchase date March 30, 2015 from Bradford Leasing, LLC; and 12x20 Utility – Building Inventory No. UT-01-27-15-12-20-1813 – purchase date January 30, 2015 from Bradford Leasing, LLC (collectively, the "Buildings").[6] *See* Ex. 3. The Court finds that Big Cat Rescue should be awarded judgment against GWDG in the form of a constructive trust and equitable lien in, on, and to the Buildings, their proceeds, and the

---

[6] When the contracts were executed by Ms. Schreibvogel, the Buildings may have been structures that required further building out when delivered to the Zoo Land. Big Cat Rescue's constructive trust and equitable lien granted in the Buildings includes and extends to any fixtures, additions, buildouts, or other accoutrements added to the Buildings after execution of the contracts, from the date such items were added to the Buildings.

proceeds of any insurance on the Buildings, from the date of the respective purchase of each of the Buildings as set out above. *See In re Seneca Oil Co.,* 906 F.2d at 1450-53; *Hoxworth*, 170 B.R. at 442. The Court further finds that Big Cat Rescue, in the materials submitted to the Court in this action and in Case No. CIV-14-377-SLP (W.D. Okla.), has sufficiently traced funds to allow for the imposition of a constructive trust under Oklahoma law. Big Cat Rescue's constructive trust and equitable lien in and to the Buildings shall survive any physical or title transfer of the Buildings and shall follow any proceeds, except as to a good faith purchaser for value.

Finally, the Court considers whether an award of attorneys' fees should be imposed against GWDG as requested by Big Cat Rescue. Big Cat Rescue asks for such an award because "[it] would not have incurred the expenses of attorney fees . . . absent GWDG's willing participation in the fraudulent transfers." *Id.* at 5. But the authority in Big Cat Rescue's request could support only an award of attorneys' fees based on GWDG's wrongful actions in failing to comply with the Court's orders, not based on GWDG's wrongful actions in being part of the fraudulent transfers. *See* Mot. 3, Doc. No. 147. In addition, the Court finds that attorneys' fees are not appropriate in this case (based on the sole reason for an award of attorneys' fees identified by Big Cat Rescue) because Big Cat Rescue's counsel would have been required to take the actions for which Big Cat Rescue seeks attorneys' fees in order for Big Cat Rescue to reach its ultimate objectives in this litigation regardless of whether GWDG complied with the Court's orders. Further, the Court finds the default judgment being awarded in this case, and the substantial remedies

being afforded to Big Cat Rescue, are sufficient in the instant circumstances such that exercise of the Court's inherent power to award attorneys' fees is not necessary.

### III. Conclusion

IT IS THEREFORE ORDERED that Big Cat Rescue's Motion for Attorney Fees [Doc. No. 147] is DENIED as stated herein.

IT IS FURTHER ORDERED that GWDG's Amended Answer [Doc. No. 87] to Big Cat Rescue's Amended Complaint [Doc. No. 21] is STRICKEN as a result of GWDG's default as described herein.

IT IS FURTHER ORDERED that a separate judgment shall issue contemporaneous herewith in accordance with the Court's decisions herein.

IT IS FURTHER ORDERED, to effectuate the equitable relief awarded in this case, that GWDG:

(1) shall vacate the premises of the Zoo Land within 120 days of the date of service of this Order on GWDG, which vacation of premises shall also require removal of all zoo animals from the Zoo Land;

(2) shall take all steps reasonably necessary to require its purported tenant, Greater Wynnewood Exotic Animal Park, LLC to vacate the Zoo Land premises within 120 days of service of this Order on GWDG, which vacation of premises shall also require removal of all zoo animals from the Zoo Land;

(3) shall, within 14 days of service of this Order on GWDG, obtain and maintain a general liability insurance policy on the Zoo Land providing insurance of $5 million (U.S.) per occurrence with a deductible of $5,000, naming both Big

Cat Rescue and 25803 North Country Road 3250 LLC as additional insureds, which policy shall remain in place until both GWDG and Greater Wynnewood Exotic Animal Park, LLC vacate the Zoo Land, and with respect to which a certificate of insurance shall be delivered to counsel for Big Cat Rescue within 14 days of service of this Order on GWDG;

(4) shall execute any documents reasonably necessary to indemnify both Big Cat Rescue and 25803 North Country Road 3250 LLC for any damage or liability arising out of their interest in or ownership of the Zoo Land, including but not limited to liability for any injuries to anyone on the property, including but not limited to liability for any injuries to any person that may occur on the Zoo Land, up to and until GWDG and Greater Wynnewood Exotic Animal Park, LLC completely vacate the Zoo Land premises, and remove all zoo animals from the Zoo Land;

(5) shall collect from Greater Wynnewood Exotic Animal Park, LLC, and pay monthly to 25803 North Country Road 3250 LLC, the sum of $4,166 per month payable on the first calendar day of each month for use of the Zoo Land—until such time that GWDG and Greater Wynnewood Exotic Animal Park, LLC completely vacate the Zoo Land premises—beginning on July 1, 2020 or on the first day of the first month after service of this Order on GWDG (whichever is later), and remove all personal property and zoo animals from the Zoo Land; and

(6) shall notify the Court within fourteen days of the date that the Zoo Land has been completely vacated by GWDG and Greater Wynnewood Exotic Animal Park, LLC, including removal of all zoo animals.

IT IS FURTHER ORDERED that GWDG shall take all actions required by the Judgment being entered contemporaneous hereto.

IT IS FURTHER ORDERED that GWDG's prior counsel shall promptly forward this Order and the accompanying Judgment to GWDG and shall file a notice with the Court indicating their forwarding of the same.[7]

IT IS SO ORDERED this 1st day of June, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[7] This requirement does not alleviate Big Cat Rescue from service obligations that it has as to GWDG, including service as indicated herein to begin the running of certain deadlines indicated herein.