IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG CAT RESCUE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-155-SLP |
| ) | |
| SHIRLEY M. SCHREIBVOGEL and ) | |
| GREATER WYNNEWOOD ) | |
|    DEVELOPMENT GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |

**J U D G M E N T**

In accordance with the Court's orders entered on August 29, 2019 [Doc. No. 142] and on June 1, 2020 [Doc. No. 152], judgment is entered as follows in favor of Plaintiff Big Cat Rescue Corp. ("Big Cat Rescue") and against Defendant Greater Wynnewood Development Group, LLC ("GWDG"). The Court incorporates and merges herein its Agreed Judgment and Permanent Injunction [Doc. No. 144] previously entered pursuant to Federal Rule of Civil Procedure 54(b) in favor of Big Cat Rescue and against Defendant Shirley M. Schreibvogel.

(1)   Judgment is entered in favor of Big Cat Rescue on the claims asserted by it against GWDG in the Amended Complaint [Doc. No. 21] unless otherwise provided herein or in the Court's orders of August 29, 2019 [Doc. No. 142] and of June 1, 2020 [Doc. No. 152].

(2)   A constructive trust is imposed in favor of Big Cat Rescue as of February 20, 2015, as to the real property described as 16.439 acres, more or less, of land located in

Garvin County, Oklahoma, together with any improvements thereon from February 20, 2015 to the date of this Judgment, more specifically described as follows:

> Northwest Quarter of the Southwest Quarter of the Southwest Quarter (NW/4 SW/4 SW/4) of Section Twenty-one (21), Township Two (2) North, Range One (1) East of the I.B.M., and the North 165 feet of the East 500 feet of the West 1460 feet of the North Half of the South Half of the Southwest Quarter (N/2 S/2 SW/4) and the West 300 feet of the Northeast Quarter of the Southwest Quarter of the Southwest Quarter (NE/4 SW/4 SW/4) and the West 300 feet of the Northeast Quarter of the Southwest Quarter of the Southwest Quarter (NE/4 SW/4 SW/4), all in Section Twenty-one (21), Township Two (2) North, Range One (1) East I.B.M., Garvin County, Oklahoma, containing 16.439 acres more or less (the "Zoo Land").

This constructive trust shall follow the Zoo Land, and any and all improvements and/or fixtures (whether such improvements or fixtures are fixed to or have been severed from the Zoo Land after February 20, 2015), through any and all transfers of title subsequent to that date, free and clear of all liens unrecorded as of the date of this Judgment.

(3)     A constructive trust is imposed in favor of Big Cat Rescue as to the following vehicles, their proceeds, or the proceeds of any insurance on them: 2014 Blue Ford F-150 Crew Cab Half-Ton Pickup, VIN # 1FTFW1EF2EKF43788, purchase date February 28, 2015; 2014 RAM 3500 Pickup, VIN # 3C63RRNL3EG176027, purchase date June 7, 2014; 2008 GMC Sierra 2500, VIN # 1GTHK23628F179434, purchase date March 19, 2015; and 2012 Dodge RAM 3500, VIN # 3C63DRKL5CG286500, purchase date June 9, 2014 (collectively, the "Vehicles"), as of the date each was purchased up to $30,000 each. This constructive trust shall survive any physical or title transfer of the Vehicles and shall follow any proceeds, except as to a good faith purchaser for value.

(4) A constructive trust is imposed in favor of Big Cat Rescue as to the following portable buildings, their proceeds, or the proceeds of any insurance on them: 12x36 Cabin – Building Inventory No. C-9-23-14-12-36-1789 – purchase date December 29, 2014 from Parks Leasing, LLC; 12x36 Cabin – Building Inventory No. C-12-29-14-12-36-1811 – purchase date December 29, 2014 from Parks Leasing LLC; 12x40 Lofted Porch Cabin – Building Inventory No. LPC-05-27-14-12-40-1581 – purchase date March 30, 2015 from Bradford Leasing, LLC; and 12x20 Utility – Building Inventory No. UT-01-27-15-12-20-1813 – purchase date January 30, 2015 from Bradford Leasing, LLC (collectively, the "Buildings" (*see* Ex. 3 to Order of June 1, 2020 [Doc. No. 152])), as of the date each was purchased up to $20,000 each. This constructive trust shall survive any physical or title transfer of the Buildings and shall follow any proceeds, except as to a good faith purchaser for value.

(5) Plaintiff Big Cat Rescue is awarded a money judgment against GWDG in the amount of the gain resulting to GWDG from its use of the Zoo Land, equal to the rent GWDG was entitled to receive from the Zoo Land's lessee—GWDG's affiliate Greater Wynnewood Exotic Animal Park, LLC—from and under the Land Lease Contract entered into on February 15, 2016 (hereinafter, the "Lease," attached as Exhibit 2 to the Court's Order of June 1, 2020 [Doc. No. 152]), from February 15, 2016, to the date of this Judgment, in the amount of $4,166 per month, with prejudgment interest at the lawful rate from February 15, 2016, through the date of judgment,[1] and post judgment interest thereon

---

[1] The Court finds that prejudgment interest would compensate Big Cat Rescue and that the equities of this case do not preclude it.

at the lawful rate, pursuant to 28 U.S.C. § 1961.  From July 1, 2020 or on the first day of the first month after service of this Judgment on GWDG (whichever is later) and until such time as the Zoo Land is fully vacated by GWDG and Greater Wynnewood Exotic Animal Park, LLC, including removal of all zoo animals, GWDG shall collect from Greater Wynnewood Exotic Animal Park, LLC, and pay monthly to 25803 North Country Road 3250 LLC, the sum of $4,166 per month payable on the first calendar day of each month for use of the Zoo Land—beginning on July 1, 2020 or on the first day of the first month after service of this Judgment on GWDG (whichever is later).

(6)     Big Cat Rescue is granted equitable liens as, to, and against GWDG in, to, and on the Vehicles and Buildings, effective as of the date defendant Shirley M. Schreibvogel first executed financing or lease purchase contracts for each of the Vehicles and each of the Buildings, as set out above.

(7)     GWDG shall produce an accounting of its business records from its inception to the present, including all bank statements, check copies, monthly profit and loss statements and balance sheets, bookkeeping entries (digital or paper), receipts for expenses, and Quickbooks (or similar software) reports to Big Cat Rescue's counsel within 14 days of service of this Judgment on GWDG, and such accounting shall be produced to Big Cat Rescue's counsel thereafter on the fifteenth of every month until the money awarded to Big Cat Rescue is paid by GWDG.

(8)     Title to the Zoo Land is recognized as transferred to 25803 North Country Road 3250 LLC, effective as of the date of service of this Judgment on GWDG.  Title to

the Zoo Land shall be and hereby is confirmed in 25803 North Country Road 3250 LLC as of the date of service of this Judgment on GWDG.

(9) GWDG shall, within fourteen days of service of this Judgment on GWDG, notify Big Cat Rescue's counsel of the location of the Buildings and the Vehicles. If the Buildings and the Vehicles, or any one of them, have been transferred, disposed of, or destroyed prior to the date of this Judgment, GWDG shall further provide Big Cat Rescue's counsel the date of the transfer, disposal, or destruction, an accounting of the proceeds, an identification of the transferee, if any, and the current location of the property or its proceeds, within fourteen days of service of this Judgment on GWDG.

(10) GWDG (including its servants, agents, employees, interns, attorneys, parents, subsidiaries, predecessors, successors, affiliates, officers, directors, shareholders, members, managers, principals, and assigns—past, present, and future—and any and all persons acting by and under GWDG's authority or in concert with it) is permanently enjoined under Okla. Stat. tit. 24, § 119(A)(3)(a) from concealing, transferring, encumbering, liquidating, destroying, or disposing of (a) the Zoo Land, including its fixtures, (b) any real or personal property addressed herein, (c) any and all business records of or related to GWDG (including those of its affiliates), (d) any right or claim GWDG has, or claims to have, with regard to Greater Wynnewood Exotic Animal Park, LLC and/or Shirley M. Schreibvogel (and/or her heirs, executors or assigns), whether such right is claimed by or through GWDG's operating agreement, or otherwise, and (e) any assets or business operations of GWDG addressed herein.

(11)   GWDG shall provide a copy of this Judgment and the Court's Order of June 1, 2020 [Doc. No. 152] to its servants, agents, employees, interns, attorneys, parents, subsidiaries, predecessors, successors, affiliates, officers, directors, shareholders, members, managers, principals, and assigns and any and all persons acting by and under GWDG's authority or in concert with it within forty-eight hours of service of this Judgment on GWDG.

(12)   Big Cat Rescue is awarded judgment against GWDG for costs in the amount of $4,969.56 in accordance with the taxation of costs located at Document No. 151.

ENTERED this 1st day of June, 2020.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE