# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Big Cat Rescue Corp., a Florida not-for-profit corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-2016-0155-SLP |
| Shirley M. Schreibvogel, an individual, and Greater Wynnewood Development Group, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**EMERGENCY APPLICATION OF PLAINTIFF BIG CAT RESCUE CORP. AND PARTY IN INTEREST 25803 NORTH COUNTRY ROAD 3250 LLC FOR AN ORDER TO SHOW CAUSE WHY JUDGMENT DEFENDANT GREATER WYNNEWOOD DEVELOPMENT GROUP, LLC, AND ITS PRINCIPAL AND SOLE MEMBER, JEFFREY LEE LOWE, INDIVIDUALLY, SHOULD NOT BE FOUND IN CONTEMPT FOR FAILING TO COMPLY WITH ORDER REQUIRING ACTION WITHIN FOURTEEN DAYS OF SERVICE, AND BRIEF IN SUPPORT**

Dated: July 14, 2020

Melvin R. McVay, Jr., OBA No. 6096
Heather L. Hintz, OBA No. 14253
Juston R. Givens, OBA No. 19102
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson Avenue
Oklahoma City, Oklahoma 73102

**ATTORNEYS FOR PLAINTIFF AND PARTY IN INTEREST**

Plaintiff Big Cat Rescue Corp. ("BCR") and party in interest 25803 North Country Road 3250 LLC ("25803") respectfully submit their Emergency Application for an Order to Show Cause why Judgment Defendant Greater Wynnewood Development Group, LLC ("GWDG") and its principal and sole member, Jeffrey Lee Lowe, individually ("Lowe"), should not be found in contempt for failing to comply with the Court's Order Requiring Action within Fourteen Days of Service, and Brief in Support. In support thereof, BCR and 25803 would show the Court:

## I. PERTINENT FACTS

1. The Court on June 1, 2020 in this case entered an Order [Doc. 152] ("Order") and Judgment [Doc. 153] ("Judgment"), which imposed certain obligations on GWDG within time frames triggered by the date of service on GWDG of the Order and Judgment.[1]

2. Specifically, the Order stated, in pertinent part:

[GWDG] shall, within 14 days of service of this Order on GWDG, obtain and maintain a general liability insurance policy on the Zoo Land providing insurance of $5 million (U.S.) per occurrence with a deductible of $5,000, naming both Big Cat Rescue and 25803 North Country Road 3250 LLC as additional insureds, …and with respect to which a certificate of insurance shall be delivered to counsel for Big Cat Rescue within 14 days of service of this Order on GWDG, (Order [Doc. 152], at III(3));

[GWDG] shall execute any documents reasonably necessary to indemnify both Big Cat Rescue and 25803 North Country Road 3250 LLC for any damage or liability arising out of their interest in or ownership of the Zoo Land, including but not limited to liability for any injuries to anyone on the property, including but not limited to liability for any injuries to any person that may occur on the Zoo Land, up to and until GWDG and Greater Wynnewood Exotic Animal Park, LLC

---

[1] This litigation has a long history, which BCR will not repeat here. *See generally*, Order [Doc. 152] at 3-5, and n. 2.

1

completely vacate the Zoo Land premises, and remove all animals from the Zoo Land, (*id.* at III(4)); and

[GWDG] shall collect from Greater Wynnewood Exotic Animal Park, LLC, and pay monthly to 25803 North Country Road 3250 LLC, the sum of $4,166 per month payable of the first calendar day of each month for use of the Zoo Land …beginning on July 1, 2020 or on the first day or the first month after service of this Order on GWDG (whichever is later), … (*id.*, at III(5)).

3. GWDG was served with the Order as early as June 2, but no later than June 4, 2020. *See* Notice of Service [Doc. 156] at 3, ¶ 4. Additionally, Lowe was personally served with the Order and Judgment via private process server on June 2, 2020. [Doc. 156] at 1, ¶ 3(b).

4. Based on the service date of June 4, GWDG was required to have (a) obtained the stated general liability insurance policy and provided the undersigned with a certificate of insurance, and (b) executed documents reasonably necessary to indemnify BCR and 25803 no later than June 18, 2020. However, neither BCR nor its counsel had any contact from GWDG or Lowe on or before June 18.

5. GWDG was also ordered to pay 25803 the monthly sum of $4,166 beginning July 1, 2020. However, neither 25803 nor its counsel received payment on or after July 1, and GWDG has not contacted undersigned counsel to make arrangements for the payment.

6. On June 23, 2020, counsel for BCR wrote to follow up on GWDG's compliance with the Order and Judgment, and to advise Lowe and GWDG that the undersigned also represented 25803, the entity that was awarded title to the land that GWDG purported to own and lease to Greater Wynnewood Exotic Animal Park, LLC

("GWEAP"), for operation of the animal park.[2] *See* Ex. 1 (the "Letter"). The Letter was sent by email and priority mail, and BCR's counsel has received confirmation from the United States postal service of delivery of the Letter on GWDG. *Id.* With the Letter, BCR submitted a proposed indemnity agreement to address the Court's requirement that GWDG execute documents reasonably necessary to indemnify BCR and 25803 for activities on the land. *Id.*

7. BCR requested a response to the Letter no later than close of business June 25, 2020. *Id.*

8. Neither GWDG nor Lowe responded to the Letter or otherwise contacted BCR's counsel until July 7, 2020, when a lawyer from Los Angeles, California advised via email he had been hired that morning by Lowe to answer the "questions" posed by the Letter. The lawyer advised he was talking to Lowe June 9 and should be able to get back to undersigned counsel by Friday, June 10. BCR's counsel advised that she did not have the power to extend the deadlines contained in the Court's Order and Judgment, and that time was of the essence given the urgency of the indemnification and insurance

---

[2] Lowe in 2016 created GWEAP, GWDG and Big Cat Institute, which together operate the Wynnewood animal park. *See Big Cat Rescue v. G.W. Exotic Animal Memorial Foundation, et al.*; Case No. CIV-14-377-SLP (W.D. Okla.)*,* Intervenor's Response and Objection to Second Interim Application of Receiver for Compensation, Jan. 9, 2017 [Doc. 285] at 9 (identifying these as "the other entities created by Jeff Lowe…which are utilized to operate the zoo"). Applicants respectfully request the Court take judicial notice of this and other court records noted in this Application. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (The Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record. However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein") (internal quotations, citations and brackets omitted).

obligations, in particular, the Court required of GWDG, but that she looked forward to hearing from him. Undersigned counsel has had no further contact from Los Angeles counsel, although seven days have passed since his purported engagement. Further, no entry of appearance in this case has been made. Aside from the brief July 7th communication from Lowe's purported counsel, which said nothing about compliance with the Order and Judgment, neither Applicants nor their counsel have received any communication from GWDG or Lowe.

9.  GWDG is in contempt of the Order, and Lowe should also be determined in contempt. The elements of contempt are clearly present, as established below.

## II. ARGUMENT AND AUTHORITIES

### A. GWDG AND LOWE ARE IN CONTEMPT OF THE ORDER.

The elements of civil contempt, which must be proved by clear and convincing evidence, are 1) existence of a valid court order; 2) knowledge of the order; and 3) failure to obey the order. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Each of those elements is present here.

#### 1. The Order is a Valid Court Order.

The Court entered the Order on June 1, 2020. [Doc. 152]. The Order remains in existence and has not been appealed. The Order, among other things, plainly stated:

> [GWDG] **shall, within 14 days of service of this Order on GWDG, obtain and maintain a general liability insurance policy on the Zoo Land providing insurance of $5 million (U.S.) per occurrence with a deductible of $5,000, naming both Big Cat Rescue** and 25803 North Country Road 3250 LLC **as additional insureds**, …and with respect to which **a certificate of insurance shall be delivered to counsel for Big Cat Rescue within 14 days of service of this Order on GWDG**, (*id*. at 9, ¶ III(3)) (emphasis supplied);

4

> [GWDG] **shall execute any documents reasonably necessary to indemnify** both **Big Cat Rescue** and 25803 North Country Road 3250 LLC for any damage or liability arising out of their interest in or ownership of the Zoo Land, including but not limited to liability for any injuries to anyone on the property, including but not limited to liability for any injuries to any person that may occur on the Zoo Land, up to and until GWDG and Greater Wynnewood Exotic Animal Park, LLC completely vacate the Zoo Land premises, and remove all animals from the Zoo Land, (*id*. at 10, ¶ III(4)) (emphasis supplied); and
>
> [GWDG] **shall collect** from Greater Wynnewood Exotic Animal Park, LLC, **and pay monthly** to 25803 North Country Road 3250 LLC, the sum of $4,166 per month payable of the first calendar day of each month for use of the Zoo Land …beginning on July 1, 2020 or on the first day or the first month after service of this Order on GWDG (whichever is later)… (*id*. at ¶ III(5)) (emphasis supplied).

The foregoing obligations of GWDG are plainly identified in the Order.

Further, the time for compliance has elapsed. The Court specifically set the time for GWDG's performance of the obligations at issue in this Application to the date that fell fourteen days after service of the Order and Judgment on GWDG. *Id.* at 9-10, and 11, n.7. BCR has established that GWDG was served no later than June 4, 2020, and the fourteen day deadline for compliance was therefore June 18, 2020.

The Order is a valid order, and the time for compliance has passed. *Reliance Ins. Co. v. Mast Constr.* Co., 159 F.3d at 1315.

### 2. **GWDG and Lowe had Knowledge of the Order.**

The Order was served on GWDG's former counsel via the Court's ECF system at a time when said counsel was, in turn, required by the Court to serve the Order on GWDG. *See* Notice of Compliance with Court Order [Doc. 154]. Additionally, BCR served a copy of the Order on GWDG, as required to trigger the substantive obligations

the Court imposed on GWDG in the Order. *See* Certificate of Service [Doc. 155]; Notice of Service [Doc. 156] at 3, ¶ 4.

Lowe had knowledge of the Order both by virtue of his status as the sole member of GWDG[3] and because Lowe was personally served with the Order by private process server on June 2, 2020. *See* [Doc. 156] at 1, ¶ 3(b).

GWDG and Lowe unquestionably have knowledge of the Order. *Reliance Ins. Co. v. Mast Constr.* Co., 159 F.3d at 1315.

### 3. GWDG and Lowe Have Failed to Comply with the Order.

GWDG and Lowe have wholly failed to comply with the Order, which required action by a date certain, June 18th. Forty days have passed since service of the Order and Judgment, and GWDG has not provided a compliant certificate of insurance naming BCR and 25803 as additional insureds, nor has it executed indemnification papers; both actions were required fourteen days after service. Order [Doc. 152]. And, GWDG has failed to pay 25803 the sum ordered paid on July 1. *Id.*

All the elements of contempt have been met. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d at 1315.

### B. LOWE IS EQUALLY SUBJECT TO CONTEMPT OF THE ORDER.

Lowe is equally subject to contempt of the Order. He is the sole member of GWDG, an Oklahoma limited liability company. *See* OKLA. STAT. tit. 18, § 2001(14)

---

[3] An Oklahoma limited liability company, such as GWDG, may be comprised of one member. *See, e.g.,* OKLA. STAT. tit. 18, § 2012.2(C) ("An operating agreement of a limited liability company having only one member is not unenforceable because there is only one person who is a party to the operating agreement.").

(defining "member" as "a person with an ownership interest in a limited liability company").[4] The United States Supreme Court has held that corporate officers and directors may be found in contempt for violating orders directed to the entity with which they are affiliated.

> A command to the corporation is in effect a command to those who are officially responsible. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

*Wilson v. United States*, 221 U.S. 361, 376 (1911); *see also F.T.C. v. Kuykendall,* 371 F.3d 745, 759 (10th Cir. 2004) (citing *Wilson*). As the sole member in control of GWDG, Lowe is equally subject to contempt of the Order. Furthermore, as demonstrated above, BCR's counsel on June 23 wrote to Lowe requesting compliance with the Order and has received no substantive response.

All the elements necessary for a finding of contempt of the Order as to Lowe are present by clear and convincing evidence.

A showing of harm is not a necessary element to a finding of contempt. *See Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d at 1315 (stating elements). However, BCR and 25803 suffer ongoing harm by GWDG's and Lowe's contempt. First, GWDG has failed to provide proof of insurance over the property naming BCR and 25803 as insureds, and to indemnify BCR and 25803 for injuries that may be suffered on the property, as required. This failure creates an obvious harm as GWDG and Lowe are

---

[4] Lowe is not a party but will be served with this Application by private process server.

conducting a dangerous operation featuring and encouraging public interaction with big cats and other animals on land neither own,[5] hazards that were addressed in part by the Court's Order requiring safeguards.

These potential hazards are exacerbated by the way the animal park is managed. For example, a recent park visitor documented GWEAP's head zookeeper (whom one would expect would model the necessary safety procedures) sticking his arm through a cage and touching a tiger.[6] Similar conduct resulted in grievous injury to another zoo employee who, in years past, lost her hand and lower arm when she inserted it through the tiger cage at the same location under prior management.[7]

BCR and 25803 have absolutely no control over the care and modes of interaction with these big cats. While that lack of control would certainly provide a defense against any injury that might occur, it would not preclude exposure to litigation costs that would typically be paid by an insurer (and would thus be covered if GWDG and Lowe complied with the Court Order requiring insurance), and covered by the required indemnification. Compounding the danger, Lowe, who now exercises sole control over the animal park,

---

[5] Lowe has posted that GWEAP is hosting record crowds due to the Tiger King Netflix docudrama. *See,* Ex. 2 (Mar. 29, 2020 GWEAP Facebook post) (the park "has experienced two of the busiest days the park has ever seen….crowds have been huge since the Netflix show ...") (last viewed July 6, 2020).
[6] *See* Ex. 3 (redacted photo of head zookeeper and tiger).
[7] *See* Ex. 4 October 5, 2013 Huffington Post Article (https://www.huffingtonpost.com/2013/ 10/05/tiger-attack-oklahoma-zoo-arm-inside-cage_n_4050426.html?ncid=engmodushpmg00000006) (last viewed July 10, 2020).

8

has expressed open hostility toward BCR since he first arrived at the animal park in 2015.[8]

In that regard, Lowe has already broadcast his intent to abandon the operation run by GWDG and GWEAP once he creates proposed new infrastructure in Thackerville, Oklahoma, and has formed yet another new entity to manage it. If past conduct is a guide to future behavior, it is unlikely Lowe would allow GWDG or GWEAP an income earning role in the new operation. Even now, on information and belief and based on receipts given to purchasers of tours at the zoo, Lowe appears to be funneling tour fees that belong in GWEAP to a third entity he controls, Big Cat Institute, denying GWEAP the funds it could use to meet the rent obligation to GWDG required under the Judgment. *See* [Doc. 153].

Second, GWDG's cavalier failure to pay 25803 the $4,166.00 on July 1, as required by the Order, unjustly enriches GWDG and Lowe to the detriment of 25803. Despite the Court's Order and Judgment identifying participation in past schemes to avoid BCR's judgments that underlie this action, GWDG and Lowe, as its principal and sole member, continue to profit from the land determined to have been transferred fraudulently to GWDG to operate the animal park. That exotic animal park daily attracts what Lowe describes as record crowds while he uses it as a staging area to home and exhibit the animals while he purportedly builds a new animal park facility in

---

[8] *See. e.g.,* Plaintiff's Motion for Summary Judgment, and Brief in Support [Doc. 97] at (ECF pg) 18 ¶ 47, and MSJ Ex. 22 at 183:18-19.

9

Thackerville, Oklahoma.⁹ In the meantime, Lowe boasts he now has 'more money than God' as a result of his companies' uncompensated use of the park land to run the lucrative animal park business.¹⁰ Consistent with their conduct since early 2016 when GWDG was improperly deeded the animal park land, GWDG, GWEAP and Lowe are using the land they do not own and do not pay for to generate an income stream they refuse to document without effective consequence.¹¹ Just days ago, while ignoring GWDG's obligation to pay rent to 25803, Lowe appears to have allowed reality show producers to film on and excavate the land, presumably for a substantial fee.¹²

The present contempt is shocking viewed in isolation, but it is only the most recent example of a history of ignoring Court orders whether directly by Lowe or through his entities GWEAP and GWDG, in this and related litigation:

- In this case, GWDG failed to comply with the Court's Order to obtain successor counsel so that BCR could move forward in this case. The Court

---

⁹ Lowe has repeatedly expressed an intent to close GWEAP and open a facility closer to the bulk of the animal park's existing customer base. A Lowe Facebook page post stated in part: "About 70% of the zoo's current clientel [sic] originate in Fort Worth and Dallas. Moving an hour closer to our demographic will do nothing but improve our animal's lives." *See* Ex. 5, Sept. 27, 2018 news9.com article regarding Lowe Facebook post (https://www.news9.com/story/5e3486e3527dcf49dad78a37/joe-exotics-once-beloved-tiger-park-dismantled) (last viewed July 10, 2020).
¹⁰ *See* Ex. 6, June 26, 2020 kfor.com story (https://kfor.com/news/local/g-w-zoos-jeff-lowe-ends-interview-regarding-park-investigations-following-unwanted-question/) (last viewed July 10, 2020).
¹¹ The Judgment requires GWDG to provide an accounting of its business records from inception to the present by June 18, 2020. *See* Judgment [Doc. 153] at 4, ¶ 7. GWDG has neither complied with this requirement nor contacted BCR's counsel to discuss it.
¹² *See* Ex. 7, July 11, 2020 koco.com article (https://www.koco.com/article/osbi-garvin-county-deputies-searching-for-possible-human-remains-at-tiger-king-zoo/33280844) (last viewed July 11, 2020).

ultimately entered default judgment in BCR's favor due to the continued disobedience. *See* Order of Default [Doc. 142], and Judgment [Doc. 153].

- In companion litigation involving GWEAP and GWDG, this Court on July 11, 2018 entered an Order appointing a receiver over their revenue and receipts. However, Lowe, GWEAP and GWDG thwarted implementation of the receiver order by refusing to provide the receiver access to the animal park's financial accounts, books and records, and revenue stream, and blocking the receiver's access to the animal park facility itself. A motion for contempt is pending in that case.[13]

- In that same parallel litigation, GWEAP through Lowe has ignored the Court's orders to pay the receiver's compensation. The Court determined GWEAP was in contempt of an Order requiring payment of compensation to the receiver, and set a show cause hearing for August 2018. However, GWEAP terminated its counsel days before the hearing, which was stricken, and has ignored the Court's order to secure the entry of appearance of successor counsel by September 2018, effectively asserting control over the litigation by stymying progress.[14]

- In litigation pending in the Southern District of Indiana, in which Lowe is a party defendant, the Court recently issued an Order compelling Lowe to participate in discovery after he did not properly respond to paper discovery and abruptly ended a deposition after mounting spurious objections.[15]

---

[13] *See, e.g., Big Cat Rescue v. G.W. Exotic Animal Memorial Foundation, et al.*; Case No. CIV-14-377-SLP (W.D. Okla.)*,* July 11, 2018 Order Appointing Receiver [Doc. 387], Receiver's Second Motion to hold GWEAP in Contempt, Aug. 17, 2018 [Doc. 397] at 4, ¶¶ 3-4, and 5-7, ¶¶ 7-12, Receiver's Third Motion for Contempt [Doc. 398] at 6, ¶ 12, and BCR's Application for Contempt as to GWEAP and Lowe regarding Receiver Order, March 4, 2019 [Doc. 410].

[14] *See, e.g., Big Cat Rescue v. G.W. Exotic Animal Memorial Foundation, et al.*; Case No. CIV-14-377-SLP, (W.D. Okla.)*,* Receiver's Contempt Motion as to GWEAP, Dec. 8, 2016 [Doc. 269]; July 11, 2018 Order (granting contempt motion and setting show cause hearing on Aug. 28, 2018) [Doc. 389]; Aug. 24, 2018 Order (granting GWEAP's counsel permission to withdraw, requiring substitute counsel's entry within 30 days, and striking Aug 28, 2018 show cause hearing to be reset after entry of appearance of substitute counsel) [Doc. 407].

[15] *See* Ex. 8, *People for the Ethical Treatment of Animals, Inc. v. Wildlife in Need and Wildlife in Deed Inc.;* No. 4:17-cv-186-RLY-DML (S.D. Ind. June 30, 2020), Order on Plaintiff's Motion to Compel as to Defendant Lowe.

Finally, Lowe has publicly flaunted his disdain for the very judicial process that resulted in the Order and Judgment. On October 23, 2019, the Court conducted an evidentiary hearing on damages prior to their entry. Neither counsel nor a representative for GWDG attended the hearing. *See* Order [Doc.152] at 3 ("No counsel for or representative of GWDG appeared at the hearing"); Minute Sheet of Proceedings held October 23, 2019 [Doc. 150]. That same day, Lowe posted on GWEAP's social media: "Why spend the day in court fighting for something we don't want? Let the dogs pick those bones."[16]

It certainly appears that Lowe, GWDG's sole decision maker, believes that he and his company can simply ignore the judicial process and the Court's authority. The Order and Judgment at issue here themselves stemmed from GWDG's knowing disregard of the Court's Orders and the judicial process. Yet the relief the Court awarded BCR as a consequence of this disobedience is now also ignored. This alarming pattern can only be addressed meaningfully through the Court's contempt power. *See Earthgrains Baking Cos. Inc. v. Sycamore Family Bakery Inc.*, 2:09cv523-DAK, 2018 WL 5776545, * 3 (D. Utah Nov. 2, 2018) ("Requiring the court to order you to comply with a prior order before you comply with it is textbook contempt."). Applicants respectfully posit that this Court's immediate action is necessary because the ongoing violations of the Order cause harm that is not remediable, and every single day that passes exposes Applicants to further risk. Entry of a show cause order as to why GWDG and Lowe, individually, should not be held in contempt for failing to obey the Order is proper here given the clear

---

[16] *See* Ex. 9 (Oct. 23, 2019 GWEAP Facebook post) (last viewed Oct. 28, 2019).

and convincing evidence of every element necessary for a finding of contempt. Applicants request the Court set a shortened response time of five days for GWDG and Lowe, and set a show cause hearing on an expedited basis. Applicants further request that the relief awarded include a prohibition of any further use of the land for gain by Lowe, whether through his entities (including GWDG) or otherwise, until full compliance is had.

### III. CONCLUSION

GWDG and Lowe have ignored and failed to comply with the Order. BCR and 25803 accordingly apply for an order setting an expedited hearing to show cause why GWDG and Lowe, its sole member and principal, should not be held in contempt. If contempt is found, BCR and 25803 also seek an order containing all measures necessary to obtain compliance with the Order, to compensate BCR and 25803 for their damages, and to prevent further harm.

WHEREFORE, Plaintiff Big Cat Rescue Corp. and 25803 North Country Road 3250 LLC respectfully request the Court issue an order to show cause why GWDG and Jeffrey Lee Lowe, individually, should not be held in contempt for failure to comply with the Court's Order [Doc. 152]; and for any and all other relief appropriate for their failure to comply with the Order, including the award of damages and their reasonable attorney fees and costs; and for all such other and further relief, whether legal or equitable, as would be just.

Respectfully submitted,

*/s/ Heather L. Hintz*
Melvin R. McVay, Jr., OBA No. 6096
Heather L. Hintz, OBA No. 14253
Juston R. Givens, OBA No. 19102
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
hlhintz@phillipsmurrah.com
jrgivens@phillipsmurrah.com

***ATTORNEYS FOR PLAINTIFF BIG CAT RESCUE CORP. and PARTY IN INTEREST 25803 NORTH COUNTRY ROAD LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Justin D. Meek – jmeek@46 legal.com
Melanie K. Dittrich – mdittrich@46legal.com

***Former Attorneys for Defendant Greater Wynnewood Development Group, LLC***
(Accepting service until substitute counsel enters an appearance per Order [Doc. 133]).

>  */s/ Heather L. Hintz*
>  Heather L. Hintz