IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BIG CAT RESCUE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-155-SLP |
| | ) | |
| SHIRLEY M. SCHREIBVOGEL and | ) | |
| GREATER WYNNEWOOD | ) | |
| DEVELOPMENT GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the Emergency Application of Plaintiff Big Cat Rescue Corp. and Party in Interest 25803 North Country Road 3250 LLC for an Order to Show Cause why Judgment Defendant Greater Wynnewood Development Group, LLC, and its Principal and Sole Member, Jeffrey Lee Lowe, Individually, Should Not be Found in Contempt for Failing to Comply with Order Requiring Action within Fourteen Days of Service [Doc. No. 158].[1]  It is at issue.  While neither GWDG nor Mr. Lowe filed a response to the Application, GWDG's counsel filed a Declaration [Doc. No. 175] regarding certain issues raised by Big Cat Rescue and 25803 LLC in their Application [Doc. No. 158].  On August 6, 2020, the Court conducted a hearing regarding the Application.  *See* Minute Sheet of Proceedings, Doc. No. 176.

---

[1] Plaintiff Big Cat Rescue Corp. is referred to herein as "Big Cat Rescue."  Party in Interest 25803 North Country Road 3250 LLC is referred to herein as "25803 LLC."  Defendant Greater Wynnewood Development Group, LLC is referred to herein as "GWDG."  Finally, GWDG's sole member Jeffrey Lee Lowe is referred to herein as "Mr. Lowe."

The Application addresses three issues from the Court's Order of June 1, 2020 [Doc. No. 152] and the accompanying Judgment [Doc. No. 153]: (i) GWDG and Mr. Lowe did not make rent payments to 26803 LLC by the Court's deadline, (ii) GWDG and Mr. Lowe did not obtain required insurance for Big Cat Rescue and 25803 LLC by the Court's deadline, and (iii) GWDG and Mr. Lowe did not execute documents reasonably necessary to indemnify Big Cat Rescue and 25803 LLC.  Necessary rent payments have now been made, insurance has been obtained, and an indemnification agreement that was negotiated by counsel for Big Cat Rescue/25803 LLC and by counsel for GWDG/Mr. Lowe has been executed.  Thus, most of the compliance issues raised by Big Cat Rescue and 25803 LLC in the Application now are resolved.  But it became apparent at the hearing that because the insurance now in effect was not obtained by the Court's deadline, a period of risk exists from which a claim against Big Cat Rescue or 25803 LLC could arise in the future (which, if the Court's deadline had been complied with by GWDG and Mr. Lowe, would not exist). Mr. Lowe offered to execute a personal guaranty for this period of time to eliminate this risk as to Big Cat Rescue and 25803 LLC as much as possible.  Counsel for Big Cat Rescue/25803 LLC and counsel for GWDG/Mr. Lowe now have negotiated and agreed to the terms of such an indemnity agreement, and it should soon be executed.  *See* Notice, Doc. No. 177; Notice, Doc. No. 178.  Other issues which apparently arose from the terms of the insurance procured by GWDG and Mr. Lowe have been addressed and resolved by counsel as well.  *See* Notice, Doc. No. 177; Notice, Doc. No. 178.

Civil contempt requires that a movant "prov[e], by clear and convincing evidence, [1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order,

and [3] that the defendant[s] disobeyed the order." *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004) (second through sixth brackets in original) (quotation marks and citation omitted).  Here, Big Cat Rescue and 25803 LLC have done so as to both GWDG and Mr. Lowe.  Indeed, neither GWDG and Mr. Lowe has contended otherwise and admitted to each element at the hearing.  There is no doubt that a valid court order and a judgment exist, that GWDG and Mr. Lowe had knowledge of their requirements thereunder, and that they disobeyed both the order and judgment.  Mr. Lowe, though a nonparty, may be held in contempt by virtue of his status as the sole member and controller of GWDG.  *See id.* at 759.  Accordingly, the Court finds that GWDG and Mr. Lowe should be held in contempt of the Court.

The question remaining for the Court is what it should do because the violations by GWDG and Mr. Lowe have, at this point, functionally been cured.  In addition, some sanctions which can be imposed under appropriate circumstances for civil contempt—e.g., default judgment—already have been imposed for reasons pre-dating the instant issues.  *See* Order of June 1, 2020, Doc. No. 152; Judgment, Doc. No. 153.  The Court therefore finds that no sanctions are appropriate except, possibly, for the imposition on GWDG and Mr. Lowe of the additional attorneys' fees and costs incurred by Big Cat Rescue and 25803 LLC because of the post-judgment behavior of GWDG and Mr. Lowe.  Because the authority of the Court to impose an award of attorneys' fees and costs, specifically, was not addressed by Big Cat Rescue and 25803 LLC in their Application [Doc. No. 158], those parties may file a motion seeking attorneys' fees and costs within 21 days of this Order.  In such a motion, they should include (i) authority for the imposition of attorneys' fees and

costs in the instant circumstances and (ii) contemporaneous time entry records for any

attorneys' fees sought and other appropriate evidence for any costs sought.  The Motion

should include *only* those attorneys' fees and costs which would not have been incurred by

the movants but for GWDG and Mr. Lowe failing to obey the Court's Order of June 1,

2020 [Doc. No. 152] and its corresponding Judgment [Doc. No. 153] by the deadlines

imposed therein.[2]  If the Court receives such a motion from Big Cat Rescue and 25803

LLC, it will thereafter address both entitlement to attorneys' fees and costs and the

appropriate amount of attorneys' fees and costs.  Responses and replies may be filed per

Local Civil Rule 7.1(g) and (i).

IT IS THEREFORE ORDERED that the Emergency Application of Plaintiff Big

Cat Rescue Corp. and Party in Interest 25803 North Country Road 3250 LLC for an Order

to Show Cause why Judgment Defendant Greater Wynnewood Development Group, LLC,

and its Principal and Sole Member, Jeffrey Lee Lowe, Individually, Should Not be Found

in Contempt for Failing to Comply with Order Requiring Action within Fourteen Days of

Service [Doc. No. 158] is GRANTED IN PART and DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendant Greater Wynnewood Development

Group, LLC and non-party Jeffrey Lee Lowe are found to have been in contempt of this

Court.

---

[2] For example, the negotiation of acceptable terms for an indemnity agreement would have
been required by counsel for Big Cat Rescue and 25803 LLC even if GWDG and Mr. Lowe
had complied, but explaining the at-the-time non-receipt of executed indemnity documents
in the Application would not have been required if GWDG and Mr. Lowe had complied.

5

IT IS FURTHER ORDERED that Plaintiff Big Cat Rescue Corp. and Party in Interest 25803 North Country Road 3250 LLC may file a motion seeking attorneys' fees and costs, as indicated herein, within 21 days.

IT IS SO ORDERED this 24th day of August, 2020.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE