**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| Big Cat Rescue Corp., a Florida not-for-profit corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-2016-0155-SLP |
| Shirley M. Schreibvogel, an individual, and Greater Wynnewood Development Group, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**UNOPPOSED MOTION FOR DETERMINATION THAT FOUR TRAILERS**
**ARE AFFIXED TO REAL PROPERTY OR ABANDONED**

Plaintiff Big Cat Rescue Corp., a Florida not-for-profit corporation ("BCR") and

party in interest 25803 North Country Road 3250 LLC ("25803 LLC") (collectively,

"Movants"), respectfully submit this unopposed motion for an order that four trailer homes

(the "Trailers") located on certain real property in Wynnewood, Oklahoma at issue in this

case[1] (the "Real Property") are affixed to and therefore part of the Real Property, the title

---

[1] Northwest Quarter of the Southwest Quarter of the Southwest Quarter (NW/4 SW/4 SW/4) of Section Twenty-one (21), Township Two (2) North, Range One (1) East of the I.B.M., and the North 165 feet of the East 500 feet of the West 1460 feet of the North Half of the South Half of the Southwest Quarter (N/2 S/2 SW/4) and the West 300 feet of the Northeast Quarter of the Southwest Quarter of the Southwest Quarter (NE/4 SW/4 SW/4) and the West 300 feet of the Northeast Quarter of the Southwest Quarter of the Southwest Quarter (NE/4 SW/4 SW/4), all in Section Twenty-one (21), Township Two (2) North, Range One (1) East I.B.M., Garvin County, Oklahoma, containing 16.439 acres more or less, with a street address of 25803 N. County Road 3250, Wynnewood, Oklahoma 73098.

to which was transferred to 25803 LLC by Order of this Court on June 1, 2020, or, in the

alternative, that the Trailers have been abandoned. In support thereof, Movants would show

the Court:

### PERTINENT FACTS AND PROCEDURAL HISTORY

1.      The Trailers at issue in this Motion[2] have been on the Real Property, in the

same location, for at least nine years. *See* Excerpt of June 8, 2012 deposition testimony of

Joe Schreibvogel (Ex. 1) at 290:4-10, 324:10-21;[3] Declaration of David Stanton (Ex. 2) at

¶ 2-3.

2.      On June 1, 2020, an Order was entered in this case which, among other

things, required defendant Greater Wynnewood Development Group, LLC ("GWDG") to

vacate the premises of the Real Property within 120 days from the date of service of the

Order.[4] *See* June 1, 2020 Order [Doc. No. 153] (the "Order") at p. 9.[5]

3.      The Order determined that title to the Real Property should be and was

transferred to 25803 LLC. *Id.*

---

[2] The Trailers can be identified by the following numbers: Vehicle Identification Numbers ("VIN") 045114431, CRH2TX0880, 4N5203331, and Serial Number 0451-0355-N (1979 SkyLine). *See also*, ¶ 9 and Ex. 5, *infra*.

[3] Mr. Schreibvogel, now known as Joe Maldonado-Passage, claimed no interest in the Trailers when he filed a voluntary bankruptcy petition in 2013, a date after the Trailers were located on the Real Property. *See In re Schreibvogel*, Case No. 13-11430 (Bankr.W.D. Okla. Mar. 29, 2013), [Doc. No. 1] at pp. 6- 14 (Schedules A-C).

[4] The Order also required GWDG to take all steps reasonably necessary to cause its affiliates to vacate the Real Property by the same date. *Id.* at p. 9 (2).

[5] An Agreed Judgment was entered against defendant Shirley Schreibvogel on August 29, 2019 in favor of BCR on all claims asserted against that defendant in this action. *See* Agreed Judgment and Permanent Injunction [Doc. 144]. Mrs. Schreibvogel had testified previously that she did not claim an interest in the Trailers. *See* Excerpt of Nov. 16, 2015 deposition testimony of Shirley Mae Schreibvogel (Ex. 3) at p. 123:2-8.

4.      The Order granted BCR a constructive trust and equitable lien in, on and to certain vehicles and buildings located on the Real Property. *See id*. at pp. 6-7.

5.      The Order declined to grant a constructive trust on the Trailers, but recognized that the Trailers would be "otherwise included in the remedies afforded by this order and the judgment being issued contemporaneous herewith." *See id*. at p. 6, n.5.

6.      The Trailers are affixed to the Real Property, and have been so affixed for years. The Trailers housed workers at a business conducted on the Real Property, contained bathrooms, and have historically been served by utilities. *See* Ex. 2 at ¶ 4.

7.      GWDG, its affiliated entities Greater Wynnewood Exotic Animal Park, LLC ("GWEAP") and Big Cat Institute ("BCI"), and their principals, Jeffrey and Lauren Lowe (the "Lowes"), vacated the Real Property on or about October 4, 2020.

8.      After October 4, 2020, the Trailers have been unoccupied. Undersigned counsel for Movants has viewed the Trailers on more than one occasion since that date, and documented their lack of occupants and dilapidated condition in the photographs attached hereto as Exhibit 4. As these photographs document, one of the Trailers had been vacated with the door unsecured, and its abandoned contents were visible from the open doorway. *See* Ex. 4 at p. 2. Furniture and other items were also observed and documented to have been strewn about the Trailers on the Real Property. *See id.* at p. 1 & 3.

9.      The Trailers are not known to be subject to liens. *See* Trailer Titles [VIN Nos. 045114431, CRH2TX0880, 4N5203331] and Trailer Purchase Agreement [Serial No. 0451-0355-N (1979 SkyLine)], and associated lien releases (Ex. 5).

10.     Daniel Card, counsel for GWDG, GWEAP and the Lowes, has advised the

undersigned that he consulted with his clients and that they <u>do not oppose the relief sought</u>

<u>in this Motion</u>. Further, Mr. Card has authorized the undersigned to state that his clients do

not assert any interest in the Trailers, and that they have abandoned them.

Movants therefore respectfully request an Order determining that the Trailers are

part of the Real Estate under Oklahoma law, or in the alternative, have been abandoned.

## ARGUMENT AND AUTHORITIES

**A.     Because the Trailers are affixed to the Real Property, the Trailers are part of the Real Property under Oklahoma law.**

Under Oklahoma law, manufactured homes or "trailers" can be considered

"fixtures" to the property. OKLA. STAT. 60 § 7 states: "A thing is deemed to be affixed to

the land when it is...permanently resting upon it, as in the case of buildings, or permanently

attached to what is thus permanent, by means of cement, plaster, nails, bolts or screws."

The Oklahoma Supreme Court has established a three-part test to be used in determining

whether a particular item of property constitutes a fixture:

> (1) The actual or constructive annexation to the realty, or
> something appurtenant thereto, (2) the appropriateness to the
> use or purpose of that part of the realty with which it is
> connected, and (3) the intention of the party making the
> annexation to make it a permanent accession to the freehold.

*In re Claxton*, 239 B.R. 598, 602 (Bankr. N.D. Okla. 1999) (citations omitted) (quoting

*C.I.T. Fin. Servs. v. Premier Corp.*, 747 P.2d 934, 936 (Okla. 1987)); *see also In re*

*Johnson*, 2015 WL 5306549 at *3 (Bankr. E.D. Okla 2015).

4

"With respect to the issue of intent, 'the determination as to whether the owner intended to create a fixture must be made by *objectively examining* the chattel's affixation to real property." *In re Claxton,* 239 B.R. at 602 (quoting *C.I.T.*, 747 P.2d at 938) (emphasis added by the *In re Claxton* court). Applying that test, the Bankruptcy Court for the Northern District of Oklahoma held that a manufactured home, or trailer, was a fixture to the land based on the length of time it had been on the property (12 years), the permanent utilities and septic system attached to it, its lack of wheels and it being anchored to the ground. *Id.* at 603. Thus, the court found that the manufactured home was "permanently resting" upon the property. *Id.* The court also noted there was "little doubt" that the use of the residence as a dwelling was an appropriate use. *Id.*

The Trailers at issue here are no different than the manufactured home discussed in *In re Claxton*. The Trailers are anchored to or permanently resting on the ground and have historically been served by utilities. The Trailers are on blocks and lack wheels and thus are not easily movable. The Trailers have been located on the Real Property, and used as residences for different employees on the Real Property, for a decade. Thus, an objective examination supports the conclusion that the Trailers are affixed to the Real Property and titled in the owner of the Real Property. *Id.*

This result is in accord with the Court's Order, which recognized that the Trailers were "otherwise included in the remedies afforded by this order and the judgment being issued contemporaneous herewith." Order [Doc. 153] at p. 6, n.5. The Court determined title to the Real Property Title was properly in 25803 LLC, and the Trailers, being affixed to and thus part of the Real Property, as demonstrated herein, are therefore titled in 25803

LLC as of the date of the Order and Judgment herein. *See* Order and Judgment [Docs. 152, 153].

**B.      In the alternative, the Trailers have been abandoned and may be removed from the Real Property and transferred or disposed of.**

Under Oklahoma law, the elements of abandonment of property are (1) an intention to abandon; and (2) an overt act by which the intention is carried into effect. *Tucker v. Edwards*, 376 P.2d 253, 255 (Okla. 1962). "To abandon one's property is to relinquish, or give up all ownership interest in it." *Dycus v. Belco Industries, Inc.*, 569 P.2d 533, 555 (Okla. Civ. App. 1977).

For at least the past ten years, during which time the Trailers were located on the Real Property, the property housed the operations of an exotic animal park run by Joe Schreibvogel n/k/a Joe Maldonado-Passage, through his entities G.W. Exotic Animal Memorial Park and, after that entity was dissolved, The Garold Wayne Interactive Zoological Foundation.  After the dissolution of the latter entity, the exotic animal park was run by Mr. Maldonado-Passage and the Lowes, by and through defendant GWDG together with its affiliates GWEAP and BCI.[6]

None of these persons or entities claim an interest in the Trailers. Mr. Maldonado-Passage conceded the Trailers were not his assets in his 2013 Bankruptcy Petition. *See* n.

---

[6] *See Big Cat Rescue Corp. v. G.W. Exotic Animal Memorial Foundation,* Case No. CIV-14-377-SLP, [Doc. 197] (Notice of Dissolution, Mar. 4, 2016). Movants request the Court take judicial notice of its own files and records in this case. *U.S. v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (citations omitted). The filings in this and the noted case amply establish the succession of entities and their principals who claimed to operate the exotic animal park, and that The Garold Wayne Interactive Zoological Foundation dissolved and abandoned the animal park operations in early 2016 after being found liable on certain judgments.

3, *supra.*  The Garold Wayne Interactive Zoological Foundation advised this Court that it had dissolved and ceased operations in 2016.  GWDG, GWEAP, BCI and the Lowes have abandoned the Trailers, and claim no interest in them.  The Trailers are located on the Real Property that no longer houses an animal park or any other business. Further, the Trailers are in extreme disrepair, and have been documented as being unoccupied. Accordingly, the Trailers should be deemed abandoned such that they may be removed from the Real Property and transferred or disposed of.

WHEREFORE, Plaintiff Big Cat Rescue Corp. and party in interest 25803 North Country Road 3250 LLC respectfully requests that their Motion be granted, and that an Order be entered determining that:

1. The Trailers are part of the Real Property because they are affixed to the Real Property, and were so affixed when the Court entered the Order recognizing title to the Real Property in 25803 North Country Road 3250 LLC; and

2. Title to the Trailers is recognized in the record owner of the Real Property as and when determined in this Court's Order [Doc. No. 152], and any successor in title, should the Trailers remain on the Real Property when tittle may be transferred; or, in the alternative, that

3. The Trailers have been abandoned, and may be removed from the Real Property by Movants or their successors in title, and transferred or disposed of.

Respectfully submitted,

*/s/ Heather L. Hintz*
Heather L. Hintz, OBA No. 14253
Melvin R. McVay, Jr., OBA No. 6096
Hilary H. Clifton, OBA NO. 32805
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
hlhintz@phillipsmurrah.com
mrmcvay@phillipsmurrah.com
hhclifton@phillipsmurrah.com

**ATTORNEYS FOR PLAINTIFF
AND PARTY IN INTEREST**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Daniel J. Card – dan@cardlawok.com
Walter Mosley – wm@waltermosleyesq.com

*Attorney for Defendant Greater Wynnewood Development Group, LLC
and non-parties Jeffrey Lowe and Lauren Lowe*

*/s/ Heather L. Hintz*
Heather L. Hintz