## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BIG CAT RESCUE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-155-SLP |
| | ) | |
| SHIRLEY M. SCHREIBVOGEL and | ) | |
| GREATER WYNNEWOOD | ) | |
| DEVELOPMENT GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

This Order memorializes certain contempt-related rulings made by the Court regarding the failure of counsel and certain non-parties to appear at a previously scheduled hearing. This Court originally set the Second Application of Plaintiff Big Cat Rescue Corp. and Party in Interest 25803 North Country Road 3250 LLC [Doc. No. 183] for a hearing on July 21, 2021 and specifically ordered Defendant Greater Wynnewood Development Group, LLC ("GWDG"), and non-parties Jeffrey Lowe, Lauren Lowe, Greater Wynnewood Exotic Animal Park, LLC ("GWEAP"), and Big Cat Institute ("BCI") to appear and show cause as to why they should not be found in contempt of this Court. Order [Doc. No. 188]. The Court subsequently reset that hearing to August 5, 2021. Order [Doc. No. 195].[1]

---

[1] Notice of those orders was electronically mailed to Walter Mosley, then-counsel of record for GWDG, through the Court's CM/ECF system. As directed by the Court, Plaintiff served the order setting the initial hearing on the Lowes, GWEAP, and BCI. *See* Doc. No. 190. In the order resetting the hearing, the Court put the onus on then-counsel for GWDG and Jeffrey Lowe, Daniel Card, to ensure Lauren Lowe, GWEAP, and BCI received notice of that Order.

At the hearing on August 5, 2021, Mr. Card was the only representative or counsel who appeared on behalf of a defendant.[2]  Because of the attendance at the August 5 hearing, the Court continued the hearing to September 8, 2021 and ordered Mr. Mosley to appear and show cause as to why he should not be found in contempt of this Court for failing to appear at the August 5 hearing on behalf of GWDG.  *See id*.  The Court also ordered Jeffrey Lowe, Lauren Lowe, GWEAP, and BCI to appear on September 8, 2021 to show cause as to why they should not be found in contempt of this Court for failing to appear at the August 5 hearing.  *Id*.[3]

"The district court has inherent power to enforce compliance with its lawful orders through civil contempt. . . . In exercising this power, the court enjoys broad discretion." *Acosta v. Paragon Contractors Corp*., 884 F.3d 1225, 1238 (10th Cir. 2018) (cleaned up). The day before the September 8, 2021 hearing, Mr. Mosley filed a Response to Order to Show Cause [Doc. No. 202].  At the hearing, Mr. Mosley appeared with counsel and the Court heard argument regarding Mr. Mosley's failure to appear.  The Court found Mr. Mosley's arguments specious and found him in civil contempt for failing to appear at the August 5 hearing.  *See Reliance Ins. Co. v. Mast Const. Co*., 159 F.3d 1311, 1315 (10th Cir. 1998) (holding that contempt elements of the existence of a valid order, knowledge

---

[2] After the August 5, 2021 hearing, the Court allowed Mr. Card to withdraw from the case, subject to the condition that papers could continue to be served on Mr. Card for forwarding purposes through September 8, 2021.  *See* Order [Doc. No. 198], at 2.

[3] The Court ordered Mr. Card to notify GWDG and Jeffrey Lowe of this Order and Plaintiff to serve the Order on Lauren Lowe, GWEAP, and BCI.  Mr. Card and Plaintiff complied.  *See* Doc. Nos. 199-200.

thereof, and disobedience must be established by clear and convincing evidence); *see also United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (noting that the burden shifts to the alleged contemnor to show compliance with the order or that he could not comply); *cf. United States v. Woodberry*, 405 F. App'x 840, 843-44 (5th Cir. 2010) (per curiam) (affirming finding of civil contempt where attorney failed to attend sentencing hearings). However, the Court declined to order sanctions against Mr. Mosley.

The Court also found Jeffrey Lowe, Lauren Lowe, GWEAP, and BCI in contempt for failing to appear at the August 5 hearing. The Lowes appeared at the September 8, 2021 hearing and the Court deemed them to have elected to proceed pro se. The Court heard from the Lowes regarding their failure to appear at the August 5, 2021 hearing. No representative or counsel appeared on behalf of GWEAP and BCI. The Court found Jeffrey Lowe, Lauren Lowe, GWEAP, and BCI in civil contempt for failing to appear at the August 5 hearing. *See Reliance Ins. Co.*, 159 F.3d at 1315. The Court found that the cost of service of the Order continuing the hearing to September 8, 2021 [Doc. No. 198] incurred by Plaintiff for the contemnors' failure to appear on August 5, 2021 was an appropriate compensatory sanction to be paid jointly and severally by the contemnors. *See O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (holding that civil contempt sanctions may be employed "to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance" (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983))). The Court continued the hearing to September 20, 2021, *see* Doc. No. 205, and ordered Plaintiff to submit documentation of its loss before then. *See* Minute Sheet of Proceedings [Doc. No. 204]; *see also O'Connor*,

972 F.2d at 1211 (holding that a compensatory find must be "based upon the complainant's actual losses sustained as a result of the contumacy" (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc*., 646 F.2d 800, 810 (2d Cir. 1981))).   Plaintiff submitted evidence to the Court showing that it incurred service costs of $575.00 related to the Court's resetting of the August 5 hearing to September 8 due to the failure of the contemnors to appear.  *See* Doc. No. 208; *see also Reliance Ins. Co*., 159 F.3d at 1318 (damages must be proven by a preponderance of the evidence).  At the hearing on September 20, 2021, the Court ordered $575.00 to be paid as a compensatory sanction.  *See* Minute Sheet of Proceedings [Doc. No. 210].  The Lowes agreed to this amount and had no arguments in response.

IT IS THEREFORE ORDERED that Walter Mosley is found to be in civil contempt of Court for failing to appear at the hearing in this case on August 5, 2021 but will not be sanctioned as indicated herein.

IT IS FURTHER ORDERED that Jeffrey Lowe, Lauren Lowe, GWEAP, and BCI are found to be in civil contempt of Court for failing to appear at the hearing in this case on August 5, 2021.   The Court imposes the compensatory sanction of $575.00 to be paid jointly and severally by Jeffrey Lowe, Lauren Lowe, GWEAP, and BCI to Plaintiff within 30 days of the date of this Order.  Plaintiff shall notify the Court immediately if payment is not timely made.  Failure to timely make this payment may subject the contemnors to additional contempt sanctions.

IT IS FURTHER ORDERED that the Clerk shall mail this Order to Jeffrey Lowe, Lauren Lowe, GWEAP, and BCI at the address indicated on the Returns of Service at Doc.

Nos. 190-1, 190-2, 190-3, and 190-4.  The Clerk shall also email this Order to Jeffrey Lowe at the email address indicated on his recent attempted correspondence with this Court.[4]

IT IS SO ORDERED this 22nd day of September, 2021.

_____
**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**

---

[4] Based on this information, the Court is confident that the contemnors will receive notice of this Order.