## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BIG CAT RESCUE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-155-SLP |
| | ) | |
| SHIRLEY M. SCHREIBVOGEL and | ) | |
| GREATER WYNNEWOOD | ) | |
| DEVELOPMENT GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is the Motion of Plaintiff Big Cat Rescue Corp. and Party in Interest 25803 North Country Road 3250 LLC for Contempt Damages in the Form of Reasonable Attorney Fees and Costs [Doc. No. 180] (the "Motion"). It is at issue. *See* Resp. Partial Obj. Pl.'s Mot. Att'y Fees [Doc. No. 181]; Reply Supp. Mot. Contempt Damages Form Reasonable Att'y Fees Costs [Doc. No. 182].

## I.   Background

The current Motion represents one dispute in the extensive litigation in this Court involving the exotic animal park in Wynnewood, Oklahoma formerly run by Joseph Maldonado-Passage. The Court will describe only the pertinent aspects of this case's procedural history. The Court previously held Defendant Greater Wynnewood Development Group, LLC ("GWDG") and its controller, Jeff Lowe, in civil contempt for failing to make rent payments, obtain insurance by the required deadline, and execute indemnification documents as directed by the Court in the Order and Judgment at Doc.

Nos. 152-53.  *See* Order [Doc. No. 179], at 2-3.  However, the Court held that no sanctions were appropriate "except, possibly, for the imposition on GWDG and Mr. Lowe of the additional attorneys' fees and costs incurred by Big Cat Rescue and 25803 LLC because of the post-judgment behavior of GWDG and Mr. Lowe."  *Id.* at 3.  The Court allowed Plaintiff and 25803 North Country Road 3250 LLC[1] to file a motion seeking those fees and costs, specifically instructing that any motion should include only the fees and costs incurred because of the contemnors' failure to obey the relevant order and judgment by the required deadlines.  *Id.* at 4.[2]  Plaintiff subsequently filed the Motion.

## II.   Discussion

The court may impose civil contempt sanctions "only to compel or coerce obedience to a court order or to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance."  *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) (cleaned up).  A compensatory sanction "must be based upon the actual losses sustained as a result of the contumacy[,]" so "a direct causal relationship must exist between the amount of damages and the violation of an injunction."  *Id.* at 1240 (cleaned up).  Plaintiff must establish contempt damages by a preponderance of the evidence. *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1318 (10th Cir. 1998).  The court has discretion in awarding attorney's fees and expenses.  *See Premium Nutritional Prods., Inc. v. Ducote*, 571 F. Supp. 2d 1216, 1220 (D. Kan. 2008); *see also Allied Materials Corp. v.*

---

[1] The Court refers to both movants collectively as "Plaintiff."

[2] The Court refers to the Order at Doc. No. 152 as the "June 1 Order."

*Superior Prods. Co.*, 620 F.2d 224, 227 (10th Cir. 1980).  No finding of willfulness is required.  *John Zink Co. v. Zink*, 241 F.3d 1256, 1261–62 (10th Cir. 2001).

The Court first addresses Plaintiff's requested costs.  Plaintiff seeks expenses totaling $1,280.80, which includes the cost to engage a witness—Grady Conrad—to testify regarding GWDG's finances.  GWDG and Mr. Lowe object that Mr. Conrad's testimony about GWDG's finances was not necessary, so the Court should not award the $942.80 charge incurred with respect to Mr. Conrad.  Plaintiff argues that the contemnors did not file a response to the show cause application and inability to comply is a defense to contempt, *see Reliance Insurance Co.*, 159 F.3d at 1317, so it was reasonable to prepare a witness to rebut any such defense.  The Court agrees with Plaintiff on this point and will award the $942.80 charge.

Second, Plaintiff seeks $9,966.50 in attorneys' fees for 35.4 hours of services.  Plaintiff's counsel has submitted a supporting affidavit and relevant billing records.  *See* Hintz Aff. [Doc. No. 180-1].  Plaintiff's counsel billed at hourly rates of $285 for attorney services and $110 for legal assistant services.  GWDG and Mr. Lowe do not contest Plaintiff's hourly rates, but argue that some of the time records are block billed or duplicative.  However, the Tenth Circuit "has not established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney-records which reflect block billing."  *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1215 (10th Cir. 2000).  The Court has reviewed the time entries that the contemnors argue are duplicative or should be

reduced based on block billing.[3]  The Court disagrees with the contemnors and finds that those entries are not duplicative and adequately allow the Court to determine the reasonableness of time billed in relation to the relevant contempt proceeding.  *Cf. Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627 (SHS), 2019 WL 3773856, at *3 (S.D.N.Y. Aug. 12, 2019).  However, the Court will adjust the total fee request based on Plaintiff's agreement to withdraw .3 hours of the June 23, 2020 time entry.  *See* Reply 3-4.[4]

Additionally, GWDG and Mr. Lowe assert that the time entries recorded for Plaintiff's revisions to the indemnification agreement (specifically, 1.5 hours on August 10, 2020 and .6 hours on August 13, 2020) were not caused by the contempt.  To recap, the June 1 Order states as follows:

> GWDG . . . shall, within 14 days of service of this Order on GWDG, obtain and maintain a general liability insurance policy on the Zoo Land providing insurance of $5 million (U.S.) per occurrence with a deductible of $5,000, naming both Big Cat Rescue and 25803 North Country Road 3250 LLC as additional insureds, which policy shall remain in place until both GWDG and Greater Wynnewood Exotic Animal Park, LLC vacate the Zoo Land, and with respect to which a certificate of insurance shall be delivered to counsel for Big Cat Rescue within 14 days of service of this Order on GWDG . . .

---

[3] Specifically, those entries include: 2.5 hours on June 23, 2020; 1.4 hours on July 7, 2020; 2.6 hours on July 22, 2020; and 1.8 hours on August 5, 2020.

[4] Additionally, the time billed to "prepare witness outline" on August 5, 2020 is compensable based on the Court's determination that Plaintiff may recover the costs charged with respect to Mr. Conrad.  *See* Hintz Aff. [Doc. No. 180-1], at 15.

Order [Doc. No. 152], at 9-10.  GWDG was required to obtain the requisite insurance policy by June 18, 2020.[5]  Plaintiff filed the underlying show cause application on July 14, 2020, arguing that the contemnors failed to timely obtain this insurance.  The contemnors obtained insurance on August 5, 2020.  *See* Notice to Court Regarding Status of Agreement [Doc. No. 177].  At the August 6, 2020 hearing, Mr. Lowe offered to execute a personal indemnification agreement regarding the uninsured period of June 18, 2020 to August 5, 2020.  *Id*.  Mr. Lowe later agreed to extend his indemnification obligation through the date on which the zoo land was to be vacated, rather than only the uninsured period ending August 5, 2020.  *Id*.; *see also* Follow-Up Notice to Court Regarding the Parties' Agreement [Doc. No. 178].  Plaintiff explains that this extension was added to the agreement because the August 5, 2020 insurance policy "excluded coverage for injuries caused by exotic animals."  Mot. 4.  The contemnors argue that they believed the policy was not deficient, but agreed to revise the indemnification agreement "in good faith and in order to cooperate with Plaintiff[.]"  Resp. 4.  They point out that the August 5, 2020 policy was the "only policy in the country" that "would meet the Court's Order[.]"  *Id*.  The contemnors argue that "Plaintiff would have taken issue with this policy had it been obtained the day after the Court's June 1, 2020[] order[.]"  *Id*.  Accordingly, the contemnors dispute amounts billed regarding the extension of Mr. Lowe's indemnity agreement.

---

[5] The June 1 Order sets the date of compliance to 14 days after service of the Order on GWDG.  *Id*. at 9.  Since Plaintiff offers that, based on the service date to GWDG, the compliance date for obtaining the insurance was June 18, 2020—and the contemnors do not dispute these dates—the Court accepts that GWDG was required to obtain the policy by June 18, 2020.

The August 10 entry billed 1.5 hours to: "revise personal indemnification agreement to address deficiencies in policies effective August 5, 2020[.]"  Hintz Aff. [Doc. No. 180-1], at 17.  On the same day, Plaintiff's counsel also billed half of an hour with the following narrative: "Follow up with D. Card and W. Mosley regarding proposal to address problems and deficiencies in policies effective August 5, 2020 with extended personal indemnity of J. Lowe[.]"  *Id.*[6]  The August 13 entry billed .6 hours and contains the following narrative: "review revisions proposed by opposing counsel to personal indemnification agreement . . . communicate with D. Card that revisions to personal indemnification agreement, including extension to cover period through Surrender Date, appear acceptable and he will check in with co-counsel[.]"  *Id.*   Plaintiff asserts that the disputed hours "were required to remedy the August 5 policy's non-compliance with the June 1 Order."  Reply 5.

The Court's June 1, 2020 contempt order ultimately found GWDG and Mr. Lowe in contempt and suggested that Plaintiff may seek to recover fees and costs incurred "because of the post-judgment behavior of GWDG and Mr. Lowe[,]" expressly instructing Plaintiff to seek "*only* those attorneys' fees and costs which would not have been incurred by the movants but for GWDG and Mr. Lowe failing to obey the Court's Order of June 1, 2020 [Doc. No. 152] and its corresponding Judgment [Doc. No. 153] by the deadlines imposed therein."  Order [Doc. No. 179], at 3-4.  The Court will not award the amounts

---

[6] Although GWDG and Mr. Lowe did not dispute this particular entry, because it explicitly bills time related to extending Mr. Lowe's indemnity agreement, the Court includes the entry in its analysis.

billed to revising Mr. Lowe's indemnification agreement to reach the date of vacation of the zoo land.  Those entries were not billed because of the contemnors' failure to obtain insurance by the required deadlines—but rather because of a dispute regarding the substantive terms of the insurance policy.  Such a dispute was outside the scope of the Court's June 1 Order.  Accordingly, after making the adjustments discussed herein, the Court will award Plaintiff $9,140.00 in attorneys' fees.  Combined with Plaintiff's costs of $1,280.80, the Court awards Plaintiff a total of $10,420.80 in attorneys' fees and costs.

IT IS THEREFORE ORDERED that the Motion of Plaintiff Big Cat Rescue Corp. and Party in Interest 25803 North Country Road 3250 LLC for Contempt Damages in the Form of Reasonable Attorney Fees and Costs [Doc. No. 180] is GRANTED IN PART and DENIED IN PART as described herein.  A compensatory sanction in the amount of $10,420.80 shall be paid by GWDG and Jeff Lowe jointly and severally to Plaintiff within 30 days of the date of this Order.  Plaintiff shall notify the Court immediately if payment is not timely made.  Failure to timely make this payment may subject the contemnors to additional contempt sanctions.

IT IS FURTHER ORDERED that the Clerk shall mail this Order to Jeff Lowe and GWDG at the address indicated on the Certified Mail Receipt at Doc. No. 199-1.  The Clerk shall also email this Order to Jeffrey Lowe at the email address indicated on his recent attempted correspondence with this Court.[7]

---

[7] Nothing in this Order shall be construed as prohibiting Plaintiff from serving the contemnors with this Order.

IT IS SO ORDERED this 14th day of December, 2021.


SCOTT L. PALK
UNITED STATES DISTRICT JUDGE